## LAWRENCE vs. JONES.

### [MOTION TO AMEND EXECUTION.]

1. *Damages on affirmance of judgment.*—On the affirmance of a judgment which has been superseded, (Code, § 3032,) the ten per cent. damages should be computed on the amount of the original judgment, and not on that sum with the interest thereon up to the time of the affirmance.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN K. HENRY.

THE appellant in this case recovered a judgment against the appellees, in the circuit court of Montgomery, on the 9th June, 1859, for $8,000 damages, besides costs. The defendants removed the case, by appeal, to the supreme court, and gave bond with surety to supersede the judgment. The judgment was affirmed by the supreme court, at its June term, 1860; and that court rendered a judgment against the defendants, "for the amount of said judgment, ten per cent. damages thereon, and costs." When this judgment was certified to the circuit court, the clerk of that court issued an execution against the defendants, for $8,000, the amount of the original judgment, "and $800 damages awarded by the supreme court, besides the sum of $76 25 costs." At the next ensuing term of the circuit court, the plaintiff moved to amend the execution, by striking out $800, as the damages awarded by the supreme court, and inserting in lieu thereof ten per cent. of the original judgment with the interest thereon up to the day of the affirmance. The circuit court overruled the motion, and the plaintiff excepted to its decision; and he now assigns the same as error.

GOLDTHWAITE, RICE & SEMPLE, for appellant.
WATTS, JUDGE & JACKSON, *contra*

Nelms v. Prewitt.

STONE, J.—Section 3032 of the Code declares, that when a money judgment, which has been superseded by appeal to this court, and bond with surety given, is *affirmed* in this court, the judgment here rendered shall be "for the amount of the affirmed judgment, ten per cent. damages thereon, and the costs of the supreme court." In this case, we are required to decide, whether the ten per cent. damages is limited to the sum shown in the face of the judgment appealed from, or includes that sum with interest thereon up to the time of the affirmance.

If this were a new question, uncontrolled by the previous practice of the courts, it might admit of controversy, what is the true *amount* of the affirmed judgment, on which the ten per cent. damages should be computed. We do not, however, feel at liberty to enter upon this inquiry at the present advanced epoch in our judicial history. A statute, similar to the one under discussion, was in force in this State for forty years.—See Clay's Digest, 309, § 20. We are convinced, that the uniform practice of the courts has been, to compute the damages only on the principal sum of the judgment. "This having been the construction of the act for so long a time, and the practice having been so universal, we do not feel at liberty to disturb it." *Ijams v. Rice,* 17 Ala.

Affirmed.