# Acklen *v.* Goodman.

*Bill in Equity, in matter of Probate of Will, Administration, and Settlement of Decedent's Estate.*

1. *Probate of wills; jurisdiction of Probate Courts.*—In the probate of wills, as well as the grant of letters testamentary or of administration, the Probate Court not only has exclusive jurisdiction, but possesses all the powers and attributes of a court of general jurisdiction; and every intendment will be indulged in favor of its rightful exercise of the jurisdiction, while nothing will be presumed against the regularity and legality of its action.

2. *Same; transcript of record.*—A transcript from the records of the Probate Court, which contains only a copy of the will, and an affidavit of the subscribing witnesses, made before the judge of probate, as to its due execution, not followed by any order, decree or judgment of the court, does not show a probate of the will.

3. *Same; notice of application for probate; appointment of guardian ad litem for infants; trial by jury, of contest.*—When the probate of a will, or of parts only of the paper purporting to be a will, is collaterally attacked, it is not necessary that the record shall affirmatively show notice of the application, the appointment of a guardian *ad litem* for the infants, or the summoning or waiver of a jury: in the absence of averment and proof to the contrary, the proceedings in these several matters will be presumed to have been regular.

4. *Settlement of decedent's estate in equity; averments of bill.*—When a bill seeks to compel a final settlement of a decedent's estate, it must aver or show that the estate is ready for a final settlement.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 18th March, 1881, by Mrs. Hattie M. Acklen, the widow of Theodore Acklen, deceased, and their children, against Mrs. Corinne A. Goodman, her husband and her child, and against Charles W. Halsey, as the administrator *de bonis non* of the estate of William Acklen, deceased, who was the father of said Theodore Acklen and Mrs. Goodman ; and sought to set aside and annul the probate of a paper, or specified parts thereof, as the last will and testament of said William Acklen, as granted and declared by the Probate Court of Madison on the 4th December, 1872, to establish the entire paper as his will, and to have the estate

[Acklen v. Goodman.]

administered and distributed under its provisions. The cause being submitted for decree, as therein recited, "on the bill of complaint, answer of defendants Walter A. Goodman and Corinne A. Goodman, and exhibits, being a transcript from the order of the Probate Court of Madison county probating the will of William Acklen, deceased, and a copy of said will, &c.," the chancellor dismissed the bill, holding that, "under such facts and statements as are made in the bill, the jurisdiction of the Probate Court is original and exclusive, and its decree is final and conclusive." The complainants appeal from this decree, and here assign it as error.

R. E. SPRAGINS, for the appellants.

D. D. SHELBY, and R. W. WALKER, contra.

STONE, C. J.—The controlling purpose of the present bill is, to set up and establish, as valid, an alleged probate of the will of William Acklen, deceased, charged to have been granted June 8, 1872, and to set aside and annul, as improperly granted, a probate of parts of the same will, granted in December, 1872. The estate has been administered under the probate ordered and decreed in December; and a second purpose of the bill is, to have the estate administered and distributed under the alleged probate of June 8, 1872. In the probate of wills, and in granting letters testamentary and of administration, the Probate Court has not only exclusive jurisdiction, but has all the powers and attributes of a court of general jurisdiction. Every intendment will be indulged in favor of its rightful exercise of the power, and nothing will be presumed against the regularity or legality of its action, which the record does not affirmatively show to be so.—2 Brick. Dig. 530, § 83; *McGrews v. McGrews*, 1 St. & P. 30; *Hardy v. Hardy*, 26 Ala. 524; *Deslonde v. James*, 29 Ala. 92; *Hall v. Hall*, 47 Ala. 290; *Goodman v. Winter*, 64 Ala. 410; *Matthews v. McDade*, 72 Ala. 377.

We find no note of testimony in the present transcript; but the final decree of the chancellor recites, that the "cause was submitted for decree, on the bill of complaint, answer of defendants, Walter A. Goodman and Corinne A. Goodman, and exhibits, being a transcript from the order of the Probate Court of Madison county, probating the will of William Acklen, deceased, and a copy of said will." The bill dispensed with sworn answer, and the answers were put in without oath. What is called exhibit "A. A." to the bill, is in no sense a probate. It is but a copy of the will, with the joint affidavit of Weeden and Binford, describing themselves as subscribing witnesses, bearing date June 8, 1872, and testifying to its due execution

by Acklen, the testator. No order of the court is shown to have been made thereon, nor any action taken upon said affidavits. So, the transcript from the Probate Court has no certificate attached, and we can not know what preceded, or followed it, if any thing. The record is silent on that subject. It bears date December, 1872, relates to the estate of William Acklen, deceased, and recites, "This day came the parties, by attorneys," &c. It then proceeds to declare, that certain named parts, or items of said testamentary paper, are proven, established and probated, as the last will and testament of the said William Acklen, and orders that letters testamentary be issued to the executor named.

We infer from some averments in the bill, and from the argument of counsel, that an effort was made to show there was no notice given of the application to probate the will, and that, on the trial, the infant legatees were not represented by guardian *ad litem*. It is true that the alleged transcript from the Probate Court, found in this record, fails to show notice, and fails to show there was a guardian *ad litem* for the infants. It is equally true that it fails to show these preliminary duties were omitted. Under the rule as to intendments declared above, we feel bound to presume on collateral attack, such as this, that every step in the proceedings was regularly taken, which the record does not affirmatively show to have been otherwise. The same rule applies to the alleged absence of a jury, to pronounce on the contest of the will.—Code of 1876, § 2320; *Merrill's Heirs v. Morrissett*, 76 Ala. 238 ; *Jaques v. Horton*, 76 Ala. 432.

The averments of the bill, which seek to raise this question, are found in section three. It avers that certain papers and citations are not shown in the Probate Court. This is not the equivalent of an averment that no such papers ever existed. They may have been lost, destroyed, or removed. There is, however, an averment that the minors, residents of the county of Madison, were not made parties to the said proceedings by summons, service, and acceptance and appointment of a guardian *ad litem*. The answer to this averment is in the following language: "As to the further allegations of said third paragraph of complainants' bill, these respondents are not advised, do not know, and can not further answer." So, the pleadings do not aid the proof, which is otherwise fatally defective.

In what we have said above, we have not inquired whether equity would grant the relief prayed, if the averments and proof were full. We decide nothing on that question.—See *Glass v. Glass*, 76 Ala. 312. The bill, as framed, is wholly insufficient as a bill simply to bring the administration to a settlement. It does not aver the estate is ready for final settlement.

It is manifest that the chief purpose of this suit rests on the

[McDonald v. Jacobs.]

postulate, that if Mr. Acklen's will had been probated in its entirety, Mrs. Goodman and the several children of Theodore Acklen would have taken *per capita* and equally under its provisions. Without intending to decide this immaterial question, we may be pardoned for expressing grave doubts, if such is its proper interpretation.

The decree of the chancellor is affirmed.