# Truett *v.* Woodham.

### *Probate of Will.*

1. *Bill of exceptions on appeal from Probate Court.*—On appeal from a decree of the Probate Court, admitting a will to be probated, taken to the Circuit or Supreme Court, as provided by § 3641 of the Code, no evidence, ruling, or other proceeding in, or by, the Probate Court, not a part of the record, will be considered by the appellate court, unless the same be made a part of the bill of exceptions, or by special agreement of counsel, treated as a part of the record.

APPEAL from Dale Circuit Court.
Tried before A. T. BORDEN, ESQ., Special Judge.

ROBERTS & MARTIN, for appellants.

JERE N. WILLIAMS, for appellee.

STONE, C. J.—Appellants propounded for probate, in the Probate Court of Dale county, a paper purporting to be

[Truett v. Woodham.]

the last will and testament of their father, Curtis F. Truett, deceased, they claiming to be the sole beneficiaries under the will, and that no executor was named therein. Appellees are, also, children of the testator and appeared in the Probate Court and contested the alleged will. The Probate Judge being disqualified by reason of relationship to some of the parties, the issues were tried before a special judge and a jury. The trial resulted in a verdict, and judgment thereon in favor of the proponents and by such judgment the will was admitted to probate and record in said court.

An appeal was taken by the contestants from the judgment of the Probate Court to the Circuit Court of Dale county, and the record recites that the case was submitted in the Circuit Court for "final decree" in vacation, the judgment to be entered as of term time.

The transcript filed in the Circuit Court, on the appeal from the Probate Court, contains what purports to be the testimony offered on the trial in the Probate Court, objections thereto and exceptions to rulings of that court on the testimony and in the giving and refusal of charges, but there was no bill of exceptions, or agreement of counsel, making the testimony part of the record in either the Probate or Circuit Court. The Circuit Court rendered a judgment reversing the judgment of the Probate Court and remanded the cause for further proceedings, but it does not appear upon what grounds the reversal was based.

Appeals in this class of cases are authorized by section 3641 of the Code, to be taken from the Probate Court by the party aggrieved to the Circuit or Supreme Court, and by section 3642 of the Code, an appeal to the Supreme court is authorized from the judgment of the Circuit Court, on such appeals. And by section 3648 of the Code, either party is authorized, by bill of exceptions, to reserve any charge, opinion, ruling or decision of the court, or of the judge, touching the matter of controversy, which would not otherwise appear of record, and such bill when duly signed becomes a part of the record.

The testimony found in the transcript of the proceedings of the Probate Court, which was filed in the Circuit Court, not having been incorporated in a bill of exceptions, was not before the Circuit Court on the appeal, and could not be considered by it for any purpose, nor can it be considered by it for any purpose, nor can it be considered here. The judgment of the Circuit Court on the appeal before it, could only be rested on the record, and the judgment of the

Circuit Court must likewise be reviewed in this court, on the record alone.

The case of *Bradley v. Andrews*, 30 Ala. 80, was an appeal to this court from a judgment of the Probate Court admitting a will to probate and record after a contest before the court and a jury. The testimony taken before the Probate Court was set out in the transcript, but there was no bill of exceptions making it a part of the record. The judgment entry recited that the testimony of the witnesses was reduced to writing by the probate judge and that it was agreed by counsel that all the testimony of all the witnesses examined in the case, and reduced to writing by the court, should be regarded as part of the record. It was held that neither the decree, nor the agreement of counsel mentioned the name of any witness, nor described the testimony of any witness by any such identifying feature as to leave no room for mistake and that this court could not conjecture or intend that the statements of certain witnesses appearing in the transcript "contained the testimony, and all the testimony, of all the witnesses."

Much less can we in the case now under consideration indulge conjecture or intendment, where there is neither a bill of exceptions, agreement of counsel, nor any matter of record identifying the testimony copied in the transcript as the testimony, and all the testimony, introduced on the trial in the Probate Court. The judgment of the Circuit Court, therefore, could only be based, as we have said, upon the matters of record appearing in the transcript from the Probate Court, and the judgment of the Circuit Court can likewise be reviewed, here, upon such record alone.

The record consisted of the petition for the probate of the will, the grounds of contest, the judgment of the Probate Court, and the orders and proceedings of the court made thereon. This constitutes all we can regard as a record of what was done in the Probate Court.

We find in the transcript what purports to be a copy of a paper, which in some of its provisions is testamentary in form. It purports to have been executed by "Curtis F.
her
Truett," and "Zilpha X Truett," and to have been witnessed
mark.
her
by "S. E. Truett, and "M. A. X Balkum."
mark.

The only evidence of its being a copy of the paper offered for probate is the following statement, found in the unau-

thenticated narrative of the proceedings had in the Probate Court: "The said paper so propounded as the will of Curtis F. Truett, and so admitted in evidence, is as follows :" This does not, and can not make it a part of the record. *Pinney v. Werborn*, 72 Ala. 58, 62. We repeat, there was no bill of exceptions in this case, showing what the testimony was, or even showing the form of the execution or attestation of the paper offered for probate. We can not, in the absence of such record evidence presume error in the rulings of the Probate Court, and make such presumed errors a ground of reversal. 3 Brick. Dig. 781, § 118.

Coming before the Circuit Court, and before this court, as the expurgated record compels us to treat the question, we feel forced to indulge all presumptions necessary to a legal and formal execution of the will. And the Probate Court, being, for this service, a court of general jurisdiction, we must indulge every reasonable presumption in favor of the correctness of its rulings. That requires us to presume, that there was testimony before the Probate Court which, in connection with the language of the instrument, established its testamentary character and warranted its being admitted to probate and record as a will.

The grounds of contest found in the record, and upon which the issues for the jury were made up to show that the precise issue submitted to the jury was, whether the will was attested by two witnesses "who could and did write their names as witnesses." The verdict of the jury necessarily implies that they found that issue in favor of the proponents, and, in the absence of the will and all the testimony, we can not presume the verdict of the jury and the judgment thereon are erroneous. Even if it were shown that this allegation was made good, this of itself would furnish no ground for withholding probate of the will, as was declared in *Garrett v. Heflin*, on a former day of this term.

The judgment of the Circuit Court will be reversed and the cause remanded to that court with directions to enter a judgment affirming the judgment of the Probate Court.

Reversed and remanded.