# Anniston Loan & Trust Co. *v.* Stickney.

### *Motion to Quash Execution.*

[Decided February 13, 1902.]

1. *Judgment of Supreme Court; execution on, by what court issued.*—An original money judgment rendered by the Supreme Court on appeal should be certified to the court from which the appeal is taken, as execution in such case can only issue out of the lower court. (Citing Code, section 3860, clause 5.)

APPEAL from Anniston City Court.

Tried before Hon. JAS. W. LAPSLEY.

Action on a promissory note by Anniston Loan & Trust Company against R. H. Stickney, Jr. On appeal (108 Ala. 146), a judgment of the lower court in favor of

the defendant was reversed and a judgment rendered for the plaintiff. Execution was issued on this judgment by the clerk of the lower court, and this appeal is taken from the judgment of the lower court quashing this execution.

. W. P. ACKER, for appellant, cited 11 Am. & Eng. Ency. Law (2d ed.), 615; 8 Ency. Pl. & Pr., 366; *Hawkins v. Craig,* Sneed 191; *Altman v. Johnson,* 2 Mich. (N. P.) 41; *Thomason v. Gray,* 84 Ala. 559; *McArthur v. Dane,* 61 Ala. 539; *Stephens v. Norris,* 15 Ala. 79; *Wiswell v. Monroe,* 4 Ala. 19.

. BLACKWELL & KEITH, *contra,* cited Bacon's Abr., vol. 2, p. 722; 8 Ency. Pl. & Pr., 364; Kleber's Void Judicial Sales, § 265; Code, § 3860.

McCLELLAN, C. J.—On appeals to this court there may be an affirmance of the judgment or decree below, and when that is the case in respect of a money judgment or decree which has been superseded there is an original judgment here for ten per cent damages on the amount recovered in favor of appellee; or there may be a reversal of the judgment on the decree appealed from and a remandment of the cause with a judgment here for the costs of appeal in this court and in the court below; or there may, in chancery cases, and certain cases at law tried by the judge without jury, be a reversal of the judgment or decree appealed from and the rendition of such original and independent judgment or decree in this court as the lower court should have rendered, and for costs of appeal here and below. Sometimes, too, there is affirmance in part and reversal in part and remandment, or modification or correction and affirmance, etc., etc. In all cases wherein any original affirmative judgment is rendered in this court, as, for instances, for the ten per cent damages referred to above, and where the judgment below is reversed and an original money judgment is entered here, it

has always been the practice to certify such judgment to the court from which the appeal was taken to the end that it should there be enforced and for execution upon it to issue out of that court, and not out of this, just as such has always been the practice in respect of affirmed judgments. This practice probably originated in the considerations that this court is in a general sense without jurisdiction to try in the first instance issues arising upon the levy of executions, its jurisdiction being appellate only, and that it is also without the equipment of a jury to which the parties to executions would be entitled on issues growing out of levies, such for instance as arise where property levied on is claimed by a stranger to the writ. And these considerations continue to support the practice, and, it would seem, are in themselves sufficient legal warrant for its present existence; and especially so when taken in connection with the long period of time during which the practice has uniformly obtained, itself a consideration held in analogous cases to be sufficient to make the practice of the court the law of the court. *Lawrence v. Jones,* 37 Ala. 388; *Ijams v. Rice,* 17 Ala. 404. But in addition to the long established practice and to the strong, not to say necessitating considerations which underlie it, we have a direct legislative recognition of it as embodying the law in clause 5 of section 3860 of the Code wherein the clerk of this court is required to certify to the clerks or registers of the courts from which appeals have been taken, the judgment of this court in such cases whether it be an affirmance or a reversal of the judgment below, "or other action of the Supreme Court upon such causes," to the end, as appears from the context of the provision, that executions may issue in the court below upon and appropriate to whatever judgments may be thus certified to the clerks or registers, whether the judgment here be one of affirmance together with an original judgment here for the statutory damages, or one of reversal and remandment, when there would be an original judgment here for the costs of the appeal in the lower court, or one of reversal followed by the rendition here of the judgment the lower

[Cooley v. United States Savings & Loan Association.]

court should have rendered, this latter judgment coming clearly within the words, "or other action of the Supreme Court upon such causes," as used in the statute. Upon all the considerations adverted to our conclusion is that on the rendition of an original money judgment in this court in a case here on appeal, such judgment should be certified to the court from which the appeal is taken that execution may issue out of that court for its satisfaction, and that execution in such case can only issue out of that court. It follows that the city court erred in quashing the execution issued by its clerk on the judgment rendered in this court against R. H. Stickney, Jr., appellee in the cause brought here on the appeal of Anniston Loan & Trust Co. The judgment of the city court in this behalf will be reversed and a judgment will be here rendered overruling and denying Stickney's motion to quash said execution.

Reversed and rendered.