(85 South. 810)

### Ex parte SUMLIN.    (7 Div. 86.)

(Supreme Court of Alabama.    June 17, 1920.)

**1. Courts ⬪198, 472(4)—Probate court has attributes of courts of general jurisdiction.**

In the probate of wills and in granting letters testamentary and of administration, the probate court, not only has exclusive jurisdiction, but also the powers and attributes of courts of general jurisdiction.

**2. Wills ⬪383—Reviewing court's jurisdiction revisory only.**

Under Code 1907, §§ 2855–2867, allowing an appeal from decree or judgment of probate court in will contest by aggrieved party either to circuit court or Supreme Court, the jurisdiction of the reviewing court is revisory only, the judgment being reviewed solely on the record, including a bill of exceptions when required.

**3. Wills ⬪383—Jury trial de novo in circuit court not authorized on appeal from probate court.**

Gen. Acts 1915, p. 939, providing in all cases in the circuit court brought by appeal from judgments of justices or other inferior courts the issues of fact shall be tried by the judge without intervention of a jury, unless demand be made in writing, does not repeal Code 1907, §§ 2855–2867, limiting proceedings on appeal in a will contest from the probate to the circuit court to review of the record of trial in probate, and does not authorize trial de novo on demand of either party for jury trial in the circuit court.

**4. Mandamus ⬪4(3)—Remedy of will contestant by appeal from judgment of circuit court without jury adequate.**

If contestant of a will appealing from the probate to the circuit court was entitled to trial de novo by jury on his demand, denial of the right and rendition of judgment by the circuit court without a jury was error available on appeal to contestant to reverse the judgment, so that his remedy by appeal is adequate, and he is not entitled to mandamus to compel the circuit court judge to set aside the judgment and place the cause on the jury docket.

**5. Mandamus ⬪169—Petition not amendable to any purpose will be dismissed.**

Where petitioner for mandamus cannot be entitled to relief on any possible amendment, the Supreme Court, ruling that demurrers to the petition must be sustained, will dismiss it.

Petition by Charlsey Sumlin for alternate writ of mandamus, directed to Hon. Hugh D. Merrill, as Judge of the Seventh Judicial Circuit, commanding him to set aside a judgment affirming the judgment of the probate court of Calhoun county sustaining the validity of a will, which was contested by petitioner, and to place said cause on the jury docket in the Calhoun circuit court for trial de novo by a jury. Writ denied.

The facts made by the petition are substantially as follows:

The petitioner, Charlsey Sumlin, appealed to the circuit court of Calhoun county from the judgment of the probate court against her, in the contest of the will of Milzie McKenzie, deceased.

In taking the appeal, petitioner did not take a bill of exceptions, under Code 1907, § 2863, but duly demanded a trial by jury under the act of 1915 (Acts 1915, p. 940), and the cause was by the clerk placed on the jury docket.

On the next day after the cause was certified by the judge of probate to the circuit court, the appellee in the circuit court, Coppage McKenzie, who was plaintiff, as proponent of said will in probate court, filed in the circuit court a motion to transfer the cause from the jury docket to the nonjury docket, and to affirm the judgment of the probate court, on the grounds that there was no bill of exceptions or assignment of errors in the cause. The judge granted this motion, made an order transferring the cause to the nonjury dockets and at the same time, in the same judgment entry, affirmed the judgment of the probate court.

The contention of the plaintiff in the cause —Coppage McKenzie, the proponent of said will—in the circuit court, as shown by his said motion, was that the cause should be tried in the circuit court by the judge, and on the record, or record and a bill of exceptions, alone, under Code 1907, § 2855 et seq.; and the contention of the petitioner, Charlsey Sumlin, was and is here, that the cause was triable by jury in the circuit court, under the statute. Acts 1915, p. 940.

───────────

⬪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The demand for trial by jury was duly made in the circuit court.

T. C. Sensabaugh and C. F. Douglass, both of Anniston, for appellant.

The court erred in transferring the cause from the jury to the nonjury docket, and in affirming the judgment of the probate court, without giving contestant an opportunity to be heard by his witnesses and counsel. 72 Ala. 443; section 1394, Code 1907; 187 Ala. 367, 65 South. 405. The Constitution gives petitioner a right of trial by jury in the circuit court. Article 1, § 11; Acts 1915, p. 940. Mandamus is the proper remedy. 36 Ala. 384; 123 Ala. 259, 26 South. 487, 45 L. R. A. 772.

C. H. Young, of Anniston, for appellee.

Courts of probate have general jurisdiction in matters of estates. 117 Ala. 221, 23 South. 528. The appeal therefrom is direct, and not open to collateral attack on appeal to the circuit court. 106 Ala. 516, 17 South. 666; 95 Ala. 505, 11 South. 156; 47 Ala. 290; section 2857, Code 1907; 168 Ala. 179, 52 South. 895. There was no bill of exceptions, and hence there was nothing for the circuit court to consider. Sections 2855–2867, Code 1907; 98 Ala. 604, 13 South. 519; 195 Ala. 36, 70 South. 678.

SOMERVILLE, J. [1] In the probate of wills, and in granting letters testamentary and of administration, the probate court has not only exclusive jurisdiction, but has the powers and attributes of courts of general jurisdiction. Acklen v. Goodman, 77 Ala. 521.

[2] Under our Statutes (sections 2855–2867, Code 1907; sections 1888–1899, Code 1852), an appeal from a decree or judgment of the probate court on a contest as to the validity of a will may be taken by the party aggrieved to either the circuit court or the Supreme Court. On such appeals the jurisdiction of the circuit, as well as of the Supreme Court, is revisory only, and the judgment is reviewed solely upon the record, including a bill of exceptions when required. Sections 2863, 2864, Code 1907; Tapp v. Cox, 56 Ala. 553; Truett v. Woodham, 98 Ala. 604, 13 South. 519.

The petitioner conceives that a provision found in section 1 of the act of September 28, 1915 (Gen. Acts 1915, p. 939), "to regulate and prescribe the method of securing jury trials in civil causes at law and in misdemeanors," viz.:

"In all cases in the circuit court brought by appeal or certiorari from judgments of justices of the peace or other inferior courts, the issue and question of fact shall be tried by the judge of the court without the intervention of a jury unless a demand for a trial by jury be made in writing," etc.

—has the effect of repealing the provisions of the Code which limit the proceedings on appeals like this to a review of the record of the trial in the probate, and authorizing a trial de novo upon the demand of either party for a jury trial in the circuit court.

[3] This contention is wholly untenable. The provision quoted was not intended, and cannot possibly be construed as intending, to create new rights of trial by jury in the circuit court; but, on the contrary, its sole purpose is to take away the right to have a trial by jury, unless that right is seasonably claimed in the manner prescribed, in all cases wherein, upon appeal, the trial is to be de novo in the circuit court. The circuit court has no jurisdiction whatever of the probate of wills, or of contests thereof, except the limited appellate jurisdiction given by the statutory provisions referred to, a jurisdiction which is revisory only, and which must be exercised in accordance with those provisions.

Petitioner relies upon the case of Montgomery So. Ry. Co. v. Sayre, 72 Ala. 443, as supposedly sustaining his contention. There an appeal was taken to the circuit court from a preliminary assessment in ad quod damnum proceedings, under a statute providing that—

"An appeal may be taken by either party, and the same proceedings shall be had as in ordinary cases of appeal from the probate to the higher courts of this state." Section 1838, Code 1876.

Under the compulsion of construing that statute as in harmony with the constitutional guaranty of a trial by jury in all cases of appeal from such assessments, it was held that the "proceedings" thus to be assimilated were referable to the preliminary steps required to be taken, and not to the mode of trial in the circuit court. This was confessedly a latitudinarian construction, and justified only by the necessity of conforming to the Constitution, and it was pertinently observed:

"The case reaching that [the circuit] court by appeal, the Constitution intervenes, and, on the demand of either party the damages must be assessed by a jury."

Between that case and this there is no sort of analogy, for here the petitioner had already had a trial by jury in the court of original and exclusive jurisdiction.

[4] But, apart from the merits of the question, we see no reason why petitioner's remedy by appeal from the judgment of the circuit court would not have been fully adequate. If he had been entitled to a trial de novo by jury, the denial of that right, and the rendition of judgment by the court without the verdict of a jury, would be error available on appeal to invalidate and reverse the judgment; and the judgment of reversal would have placed him in statu quo with full protection in the premises.

[5] In either aspect of the case, the petition is without merit, and the demurrers must be sustained. And since petitioner cannot be entitled to relief upon any possible amendment, the petition will be dismissed.

Writ denied, and petition dismissed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.