(119 So. 657)

### GRISSETT et al. v. HUGHES et al.
#### (4 Div. 407.)

Supreme Court of Alabama.  Dec. 20, 1928.

Rehearing Denied Jan. 24, 1929.

P. B. Traweek and J. C. Fleming, both of Elba, for appellants.

Mulkey & Mulkey, of Geneva, for appellees.

GARDNER, J.  Appellants filed their motion in the probate court of Coffee county,

seeking summary judgment against the sheriff of Geneva county and the sureties on his official bond to recover penalties provided under section 10233, Code of 1923, for a failure to make the money on execution, and under sections 10232 and 10236 for failing to return an execution and indorse thereon the true date of its delivery. Demurrer was interposed to this motion and sustained. Movants suffered a nonsuit on account of said adverse ruling, and prosecute this appeal for a review thereof.

It appears from the averments of the motion that, upon final settlement in the probate court of Coffee county of the estate of E. L. Rhodes, deceased (of whom movants were his heirs at law), a judgment was entered against R. L. Farrow, as administrator of said estate, in favor of the heirs at law of said Rhodes, deceased; that an appeal was thereupon taken by said administrator to the circuit court of Coffee county, and supersede-as bond duly executed with sureties, which bond was duly filed and approved; that upon the trial of said cause in the circuit court the judgment of the probate court was affirmed, and judgment entered for the amount thereof with penalty against the bondsmen, and "remanded the cause to the probate court for further proceedings." The judgment in the circuit court was rendered January 13, 1928, and on January 25th, following, the probate judge issued execution against the administrator and the sureties on the supersedeas bond, and caused the same to be placed in the hands of the sheriff of Geneva county for execution, the parties defendant to the judgment being citizens of said county. It further appears that on June 5, 1928, the sheriff of Geneva county returned the execution indorsed "no property found," and it is alleged that said return is false in that said "debtors hold property, subject to levy, amply sufficient to have satisfied said judgment or execution in the hands of said sheriff." A detailed recital of the averments of the motion is unnecessary to an understanding of the questions here presented.

■ It is insisted that the execution should have issued from the circuit court, as the judgment of the probate court was there affirmed. The appeal from the probate to the circuit court in the instant case is provided for by section 6115 of the Code of 1923. It could have been prosecuted either to the Supreme Court or the circuit court under the provisions of this section, but in either event the jurisdiction is revisory only. Truett v. Woodham, 98 Ala. 604, 13 So. 519; Ex parte Sumlin, 204 Ala. 376, 85 So. 810. When the appeal is to the circuit court it is then considered as appeals to the Supreme Court. "On such appeals the jurisdiction of the circuit, as well as of the Supreme Court, is revisory only, and the judgment is reviewed solely upon the record, including a bill of ex-

ceptions when required." Ex parte Sumlin, supra.

The above-noted statute further provides that such an appeal shall be "under the same rules and regulations which govern other appeals." The rule has long prevailed that the judgment rendered in such character of cases, and here affirmed, be certified to the trial court, that execution may issue from that court for the enforcement thereof. This question is fully discussed in Anniston Loan & Trust Co. v. Stickney, 132 Ala. 587, 31 So. 465, and needs no elaboration here.

The issuance of the execution out of the probate court was in accord with the established practice on appeals to this court, and the argument, that such execution was wrongfully issued, is without merit.

■ But it is further urged that the execution was unauthorized, in any event, against the sureties on the appeal bond, as there is no statutory authority for supersedeas bond to be given on appeal from a judgment of the probate court to the circuit court. True, there is no such provision in express language, but, in section 6115 of the Code, it is stipulated that such an appeal shall be "under the same rules and regulations which govern other appeals." We have hereinabove noted that such an appeal is considered as are appeals to the Supreme Court by record and bill of exceptions, and the quoted language from section 6115, supra, clearly has reference to the rules and regulations governing appeals to the Supreme Court. These "rules and regulations" include a supersedeas bond, as provided for in section 6132, Code of 1923, when a supersedeas on appeal is desired from a judgment for payment of money, as in the instant case. The averments of the motion further disclose that upon appeal to the circuit court the judgment of the probate court was affirmed, and judgment entered against the administrator and the sureties on the supersedeas bond for the amount thereof, with 10 per cent. damages added thereto (section 6153, Code of 1923), and "remanded the cause to the probate court for further proceedings." As appears from the holding in Anniston Loan & Trust Co. v. Stickney, supra, the procedure in the instant case followed the procedure obtaining in the Supreme Court under like conditions. The judgment here is certified to the trial court, and execution properly issued from that court, as is shown in the Anniston Loan & Trust Co. Case.

■ The demurrer also takes the point that the probate court has no authority to render judgment in a summary proceeding against the sheriff of Geneva county. For such proceedings, see section 10226 et seq., Code of 1923. Under section 10230, Code, the motion may have been made in the circuit court of Geneva county, but it is further provided that the proceedings may be instituted "in the

court to which the process was returnable." The process was returnable to the probate court out of which it issued, and under the express language of the statute the probate court is invested with jurisdiction. Also section 9599, Code of 1923, makes provision for such procedure in the probate court for "a failure to make money on, or for failing to return any execution issued from or returnable to the court of probate, * * * the proceedings to be instituted and conducted in the probate court in the same manner as in the circuit court."

We are therefore of the opinion the probate court was invested with jurisdiction.

We have here considered the assignments of demurrer interposed to the motion, and conclude they were not well taken.

The decree will therefore be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.