The issue on this appeal is whether an affidavit filed by a nonresident wife is such a "proceeding or suit for dower" under Tit. 34, § 63, so as to constitute a timely claim for dower in lands of the deceased nonresident husband. We answer in the negative and affirm the judgment of the trial court.
Appellant-wife and her husband, Townzell Gillian, resided in Utah, where he died February 8, 1960. Since neither lived on the land, located in Chilton County, Alabama, quarantine is not an issue.
On August 19, 1960, the appellant-wife filed in the "Probate Office" of Chilton County the following affidavit:
"AFFIDAVIT
 "STATE OF UTAH "COUNTY OF SALT LAKE
 "Iva Lee F. Gillian a/k/a Iva Lee Gillian, being first duly sworn deposes and says: That she was the wife of Townzell Singleton Gillian at the time of his death on the 8th day of February, 1960, having been married at Elko, Nevada on the 14th day of October, 1954, and that the said Iva Lee Gillian a/k/a Iva Lee F. Gillian and Townzell Singleton Gillian have never been divorced. That said Iva Lee Gillian a/k/a Iva Lee F. Gillian as shown as the spouse of Townzell Singleton Gillian on the certificate of death of the said Townzell Singleton Gillian and the said Iva Lee Gillian a/k/a Iva Lee F. Gillian as shown on that marriage license issued out of Elko, Nevada on the 14th day of October, 1954, are one and the same person. That the said Iva Lee Gillian a/k/a Iva Lee F. Gillian hereby claims her dower interest in and to any property owned by the said Townzell Singleton Gillian at the time of his death and most specifically the following real property:
 "The Northwest Fourth of the Northwest Fourth (NW 1/4 of NW 1/4) Section 8, Township 22, Range 15; and Northeast Fourth of Northwest Fourth (NE 1/4 of NW 1/4) Section 8, Township 22, Range 15; and one acre in the Southwest corner of Section 6, Township 22, Range 15.
 "Located in Chilton County, Alabama. "Dated this 30th day of July, 1960.
 "/s/ Iva Lee F. Gillian "/s/ Iva Lee Gillian
"Iva Lee Gillian a/k/a Iva Lee F. Gillian
 "On this 30th day of July, 1960, personally appeared me, Iva Lee Gillian a/k/a Iva Lee F. Gillian, the signer of the foregoing instrument who acknowledged to me that she executed the same.
 "/s/ Myra A. Ashworth
"Notary Public, Residing at: "Salt Lake City, Utah
 My Commission Expires: "August 27, 1961
"Filed August 19, 1960 "Recorded in Book 481, Page 186"
No further steps were taken by appellant with respect to the affidavit. *Page 787 
Fifteen years later, on September 25, 1975, a suit to quiet title was filed in the circuit court against appellant-wife and others by the brother of Townzell Gillian, Malcolm Gillian, and by Townzell's only child, Thomas Gillian. Their claim to ownership of the 80-acre tract is by inheritance. While the suit was pending, appellant-wife filed a "PETITION FOR DOWER" in the circuit court on May 14, 1976.
After submission on these issues, the trial court entered final judgment quieting title in the Gillians and denying appellant's claim to dower in the lands. The court found that the "PETITION FOR DOWER" was barred by the limitation of 10 years under Tit. 34, § 63, Code of 1940. Further, the court decreed that the "AFFIDAVIT" did not constitute an action or proceeding under Tit. 34, § 63, so as to constitute a timely filing. We affirm.
Appellant, in brief, states the issue is whether the affidavit tolls the ten-year statute of limitations under Tit. 34, § 63. She contends her affidavit is a sufficient and timely compliance with the statute. She cites no cases in support of her contention but asserts that under Tit. 7, § 212, Code of 1940, ". . . no objection can be allowed for defect of form, if facts are so presented that a material issue in law or fact can be taken by the adverse party thereon." [This section, of course, was in effect in 1960. It should be noted that Appendix II, ARCP, states that this section is superceded by Rules 8, 9, and 10.] Appellant concedes that the affidavit does not conform to the requirements of Tit. 34, § 52, as to "what the petition must contain," but argues these defects were "resolved in that the heirs of the deceased were not residents of Alabama."
Appellees-Gillian contend the affidavit is not sufficient because it does not meet the requirements of Tit. 34, § 52. This is what the trial court held and we agree. Section 52 provides:
 "What petition must contain. — The petition must contain: the facts on which the widow's claim to dower rests, with a description of the land in which dower is claimed, by its designation at the land office, when that can be done; if not, by metes and bounds, or such other description thereof as will identify it. When the land in which dower is claimed has been aliened in the life of the husband, the name of the alienee, and his residence, if known; if he is not in possession of the land, the name of the person in possession. The names of the widow and heirs at law, stating which are minors and married women, and the name of the personal representative of the husband, stating the county in which each resides, if resident in this state, and which of them, if any are nonresidents."
We think the "AFFIDAVIT" is insufficient because: it cannot be construed to be a "proceeding or suit for dower" as required by Tit. 34, § 63; it does not state the names of the heirs at law or the personal representative, their residence or nonresidency, etc., as provided in Tit. 34, § 52; it asks for no relief in accordance with Tit. 34, § 51; it raises no "material issue in law or fact" as provided in Tit. 7, § 212; it fails to name the person in possession as required by Tit. 34, § 52.
Moreover, although the "AFFIDAVIT" was filed on August 19, 1960, in the "Probate Office," appellant took no steps nor initiated any proceedings to have her dower set apart and assigned to her until she filed her "PETITION FOR DOWER" May 14, 1976, almost 16 years later.
Reason and logic is served by the requirements of Tit. 34, § 52. Although this section states that the petition must contain these averments, the compelling reason is to bring the propersubject matter and parties before the court and to permit atimely adjudication of the widow's rights.
Dower does not vest automatically in the widow but is allocated only on petition of widow, heirs or other interested parties. Taylor v. U.S., 388 F.2d 849 (5th Cir. 1967).
Dower right is a chose in action or an equity and does not become a property interest until there has been an assignment *Page 788 
thereof. U.S. v. Hiles, 318 F.2d 56 (5th Cir. 1963); Wootten v.Vaughn, 202 Ala. 684, 81 So. 660 (1919).
Heirs are entitled to have the widow's dower allotted so that the balance of the realty may be unencumbered. Byars v. Mixon,292 Ala. 661, 299 So.2d 262 (1974).
As this Court noted in Johnson v. Duncan, 264 Ala. 650,88 So.2d 789 (1956), the rule is that a decree assigning dower without service on the husband's existing heirs at law may be vacated by a bill in the nature of a bill of review.
AFFIRMED.
HEFLIN, C.J., and JONES, ALMON, and EMBRY, JJ., concur.