This is an appeal by Mary M. Land from a judgment of the Russell County Circuit Court which dismissed her as a party plaintiff in an estate proceeding. The suit was commenced as a petition for sale for division of land owned by Robert C. Myrick at the time of his death. Land, Myrick's widow, asked that her dower interest and distributive share be set aside from the proceeds of the sale. On a motion filed by appellees, Forest F. Bowyer and Linda Ann Bowyer Pugh, Land was dismissed from the suit.
Two issues are dispositive of this appeal:
 1. Does this court's decision in Hall v. McBride, 416 So.2d 986 (Ala. 1982), preclude Land from claiming a dower interest in the realty owned by her deceased husband?
 2. Was the trial court correct in allowing the appellees to file a motion to dismiss the widow's claim of dower when it was not filed until five years after the widow made a claim for her dower interest in probate court? *Page 526 
We answer both questions in the affirmative. The judgment of the trial court is affirmed.
The parties stipulated to the following facts: Robert C. Myrick, Land's husband, died on February 13, 1977. His will was duly probated in Russell County Probate Court. By the terms of his will, Robert C. Myrick bequeathed and devised all of his property to his child, Sherry Lynn Myrick, and two step-children, Bowyer and Pugh, who were children of the appellant by a prior marriage. The will made no mention of Land. On April 19, 1977, Land filed in probate court a document styled "Widow's Claim of Her Dower in Real Estate and Distributive Share of Personal Estate of Husband." On April 16, 1982, Sherry Lynn Myrick removed the estate proceeding to the Russell County Circuit Court. After the petition for sale and division of proceeds had been filed and amended, Bowyer and Pugh filed a motion to dismiss on the basis of Hall v. McBride.
The trial court issued an order granting the motion to dismiss as to Land. On October 5, 1982, the trial court issued a final judgment pursuant to Rule 54 (b), A.R.Civ.P., and Land appealed.
In Hall v. McBride, supra, the widow dissented from her husband's will pursuant to Code 1975, § 43-1-15. After the probate judge granted the defendant's motion to strike the widow's dissent, she appealed. This court held that § 43-1-15
provided a gender-based classification impermissible under the equal protection provisions of the United States and Alabama constitutions, and that the statute should be invalidated rather than expanded to provide benefits to the entire class, surviving spouses.
Land argues that, because it was unnecessary for her to dissent from her husband's will in order to claim dower, Hallv. McBride does not apply to her. We disagree. Land sought dower pursuant to the last sentence of § 43-1-15, which provides:
 If the will makes no provision for [the widow], she may claim her dower and distributive share limited as provided in this article without dissenting from the will.
Although our opinion in Hall v. McBride did not specifically address a situation where a widow claimed dower without dissenting, the discussion of the constitutional issues encompassed the entire statute. The same gender-based classification applies whether the wife is dissenting from a will or claiming dower in, and a distributive share of, an estate governed by a will in which she is not mentioned. The rationale by which this court concluded that the classification was impermissible applies to both situations. By the invalidation of the entire statute, a husband is placed in an equal position with a wife, who already has the right, under §30-4-14, to dispose of her separate estate by will. Therefore, we conclude that Hall v. McBride invalidated § 43-1-15 in its entirety, and, thus, would cut off any claim for dower by a widow where the deceased husband left a will.
In deciding whether to give retrospective application to a holding which declares an act unconstitutional, this court must consider matters of public policy. In the recent case ofStallworth v. Hicks, 434 So.2d 229 (Ala. 1983), this court declined to apply retroactively its holding in Ransom v.Ransom, 401 So.2d 746 (Ala. 1981), where vested property rights would be divested thereby. In Ransom, this court held that the homestead statute, as written, was unconstitutional. Therefore, the court extended the statute to cover husbands, as well as wives. In the Stallworth opinion, Chief Justice Torbert quotedChicot County Drainage District v. Baxter State Bank,308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940), as follows:
 The courts below have proceeded on the theory that the Act of Congress, having been found to be unconstitutional, was not a law; that it was inoperative, conferring no rights and imposing no duties, and hence affording no basis for the challenged decree. Norton v. Shelby County, 118 U.S. 425, 442 [6 S.Ct. 1121, 1125, 30 L.Ed. 178]; Chicago, L L. Ry. Co. v. Hackett, 228 U.S. 559, 566 *Page 527 
[33 S.Ct. 581, 584, 57 L.Ed. 966]. It is quite clear, however, that such broad statements as to the effect of a determination of unconstitutionality must be taken with qualifications. The actual existence of a statute, prior to such a determination, is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity may have to be considered in various aspects, — with respect to particular relations, individual and corporate, and particular conduct, private and official. Questions of rights claimed to have become vested, of status, of prior determinations deemed to have finality and acted upon accordingly, of public policy in the light of the nature both of the statute and of its previous application, demand examination. These questions are among the most difficult of those which have engaged the attention of courts, state and federal, and it is manifest from numerous decisions that an all-inclusive statement of a principle of absolute retroactive invalidity cannot be justified.
Stallworth v. Hicks, supra. In deciding not to apply Ransom
retroactively where property rights would be divested thereby, this court stated:
 In Ransom we were not required to divest anyone of property rights acquired under the homestead law in effect at the time of decedent's death. In the case before us, appellant's rights in the property vested at the time of Mrs. Hicks's death. To divest parties of real property acquired under the laws of intestacy in effect at the time of the decedent's death would create a cloud on the title of a great many parcels of real property in this state.
Stallworth v. Hicks, supra.
In the instant case, there are no vested property rights which would be divested by the application of our holding inHall v. McBride. As pointed out in Gillian v. Gillian,340 So.2d 785 (Ala. 1976), "Dower does not vest automatically in the widow but is allocated only on petition of widow, heirs or other interested parties." Continuing, the court noted, "Dower right is a chose in action or an equity and does not become a property interest until there has been an assignment thereof."Gillian v. Gillian, 340 So.2d at 787, 788. Thus, Land holds no vested interest in the property of which she may be divested. Therefore, we find that the application of the holding in Hallv. McBride is justified in this case.
To clarify our policy in this regard, we hold that Hall v.McBride is not to be applied retroactively where dower has already been assigned and become a vested right, but is to be applied retroactively where dower has not yet been assigned by any court. In addition, there should be retroactive application where dower has been assigned or denied and there was, at the time of the rendering of the Hall v. McBride opinion, a pending appeal of the matter containing a constitutional challenge to §43-1-15.
The remaining issue concerns the timeliness of the defendants' motion in circuit court in 1982 to dismiss the widow as a party plaintiff, when defendants had not previously filed any motion in opposition to the widow's claim for dower and distributive share, which she had filed in the probate court in 1977.
The case was removed to circuit court, as provided by Code 1975, § 12-11-41, on April 16, 1982. On or about April 19, 1982, the petition for sale for division was filed. It is from that circuit court action that this appeal arises. The original petition was subsequently amended, and the defendants timely filed their motion to dismiss the widow as a party plaintiff, raising the issue of the constitutionality vel non of §43-1-15. Thus, the question of timeliness is inappropriate.
For the reasons stated in the foregoing discussion, the judgment of the trial court dismissing Land as a party plaintiff to the suit is due to be, and hereby is, affirmed.
AFFIRMED. *Page 528 
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.