This is an appeal taken pursuant to Code 1975, § 12-22-22, from a judgment of the Circuit Court of Baldwin County reversing an order of the Baldwin County Probate Court. In its judgment the circuit court held that Carol Prine should not be allowed to dissent from the will of her deceased husband, Julian C. Prine, and that she was not entitled to dower in his lands. We affirm on the authority of Land v. Bowyer,437 So.2d 524 (Ala. 1983).
Julian C. Prine executed his last will and testament on December 7, 1979. Included in the will was the following item:
 I give, devise and bequeath unto CAROL REED, a close personal friend, the following described real and personal property:
 (a) Mobile Mannor [sic] II, a trailer park owned by me in Bay Minette, Alabama, located on Clay Street, to include the land, all trailers, and any storage buildings or other out buildings.
 (b) All furniture owned by me at the time of my death.
(c) My poodle dog, Sir Knight XIV.
 (d) Any automobile which I may own and drive for my personal use at the time of my death.
The remainder of Prine's estate was left to his two children, Kay and Ray Prine, under other items of the will.
On February 25, 1980, Julian C. Prine died, leaving his widow, Carol R. Prine (the former Carol Reed), and two children of a prior marriage, Kay and Ray Prine. Ray was a minor, while Kay was an adult living in another state.
At the time of the probate of Prine's will, March 18, 1980, the trailer park known as Mobile Manor II was involved in litigation concerning a boundary line dispute. Another piece of property in the estate was also involved in litigation. Because of this, and also because the executor told her that she had twelve months in which to file a dissent, Carol Prine did not file a dissent and request for dower within six months. However, on September 23, six months and five days after the probate of the will, she was notified of the approximate value of the estate, and she then informed the executor of her intention to dissent. On June 17, 1981, one day less than fifteen months after probate of the will, she filed in probate court her dissent from the will and her petition to have dower set aside. Following a hearing, at which all parties were represented by counsel, the probate judge on August 18, 1981, issued an order which concluded:
 It is, therefore, ORDERED, ADJUDGED, AND DECREED by this Honorable Court as follows:
 1. Carol Prine is the lawful widow of Julian C. Prine, deceased.
 2. Carol Prine has no separate estate in her own right.
 3. During the six months immediately following the Probate of the will in this estate, property of the estate and real property bequeathed to Carol Prine was involved in litigation.
 4. Carol Prine did file a dissent from the will of Julian C. Prine in this estate after six months from the Probate of the will, but within fifteen months from the Probate of the will.
 5. The Widow's Dissent filed by Carol Prine is hereby allowed and the Court further finds that she is entitled to dower in the lands of the deceased, Julian C. Prine.
Both of Prine's children filed notice of appeal to the circuit court pursuant to Code 1975, § 12-22-21, which provides that an appeal may be taken either to the circuit court or to the supreme court. It then developed that the transcript of the probate court proceedings could not be found. On December 1, 1982, after several efforts to produce or reproduce the evidence, a settled and approved statement of the evidence was prepared and filed according to *Page 727 
the procedure outlined under Rule 10 (d), A.R.A.P.
This court's opinion in Hall v. McBride,[1] invalidating the statute[2] providing for a widow's dissent from her husband's will, was rendered on June 30, 1982. The appeal of the case before us was then pending in the circuit court, and Hall was briefed and argued in that court by counsel for the parties. On May 18, 1983, the judge of the circuit court reversed the order of the probate judge, stating:
 [U]pon consideration of the testimony as perfected and approved on the 1st day of December, 1982, by Harry D'Olive as trial judge pursuant to Rule 10 (d) of the Alabama Rules of Civil [Appellate] Procedure and the exhibits introduced in the cause, and in further consideration of the arguments and briefs of counsel, it is the opinion of the Court that the dissent of Carol Prine from the Will of Julian C. Prine filed in his Estate after six (6) months from the probate of his Will should not be allowed and that the widow is not entitled to dower in the lands of the deceased, Julian C. Prine.
The initial issue to be considered in this case is whether the circuit court erred in refusing to dismiss this case for lack of proper or diligent prosecution after the timely taking of the appeal. The appellant argues that her opponents failed to conform to the Alabama Rules of Appellate Procedure in their appeal to the circuit court. She states in her brief:
 The case of Grisset v. Hughes [218 Ala. 621, 119 So. 657 (1929)] succinctly summarized the jurisdiction and the procedure to be followed, when it stated:
 The appeal from the probate to the circuit court in the instant case is provided for by section 6115 of the Code of 1923. It could have been prosecuted either to the Supreme Court or the circuit court under the provisions of this section, but in either event the jurisdiction is revisory only. Truett v. Woodham, 98 Ala. 604, 13 So. 519; Ex parte Sumlin, 204 Ala. 376, 85 So. 810. When the appeal is to the circuit court it is then considered as appeals to the Supreme Court. "On such appeals the jurisdiction of the circuit, as well as of the Supreme Court, is revisory only, and the judgment is reviewed solely upon the record, including a bill of exceptions when required." Ex parte Sumlin, supra.
It is the appellant's contention that this language mandates procedure as set out in the A.R.A.P.
When Grisset v. Hughes was decided, Code 1923, § 6115 (a predecessor of Code 1975, § 12-22-21), provided:
 Appeal from the decree of the court of probate, or from the order, judgment, or decree of the judge of probate, may be taken by the party aggrieved to the circuit or supreme court, in the cases and within the time hereinafter specified, under the same rules and regulations which govern other appeals.
That language was subsequently modified, so that Code 1975, §12-22-21 reads:
 Appeal from the order, judgment or decree of the probate court may be taken by the party aggrieved to the circuit court or supreme court in the cases hereinafter specified. Appeals to the supreme court shall be governed by the Alabama Rules of Appellate Procedure, including the time for taking an appeal. Appeal to the circuit court in such cases shall be within the time hereinafter specified. . . .
Rule 1, A.R.A.P., provides:
 These rules govern appeals to the Supreme Court of Alabama, the Court of Civil Appeals, the Court of Criminal Appeals, and proceedings on petitions for writs or other relief which these courts or judges thereof are empowered to grant.
We find nothing in this rule or the statute to indicate that an appeal from the probate court to the circuit court is governed *Page 728 
by the A.R.A.P. In the absence of rule or statute setting out the procedure to be followed in such a case, we conclude that the circuit court acted within its discretion in determining procedural matters in the appeal. Finding no abuse of that discretion, we hold that there was no error with regard to the prosecution of the appeal.
We now come to the substantive issue of whether Mrs. Prine is entitled to dissent from her husband's will and claim dower.
As noted above, this court's opinion in Hall v. McBride was rendered while the appeal of this case was pending in circuit court. In August 1983, this court issued its opinion in Land v.Bowyer, in which we set out the cases to which Hall v. McBride
would be applied retroactively. There, we said:
 As pointed out in Gillian v. Gillian, 340 So.2d 785
(Ala. 1976), "Dower does not vest automatically in the widow but is allocated only on petition of widow, heirs or other interested parties." Continuing, the court noted, "Dower right is a chose in action or an equity and does not become a property interest until there has been an assignment thereof." Gillian v. Gillian, 340 So.2d at 787, 788. . . .
 To clarify our policy in this regard, we hold that Hall v. McBride is not to be applied retroactively where dower has already been assigned and become a vested right, but is to be applied retroactively where dower has not yet been assigned by any court. In addition, there should be retroactive application where dower has been assigned or denied and there was, at the time of the rendering of the Hall v. McBride opinion, a pending appeal of the matter containing a constitutional challenge to § 43-1-15.
Land v. Bowyer, supra.
In the case before us, although the probate judge held that the appellant was entitled to dower, dower has not yet been assigned. The appellant herself, in her reply brief, pointed out:
 The only thing that was decided by the Probate Court was that [the appellant] was entitled to dissent. This means she would be entitled to dower in her deceased husband's land and such portion of the personal estate that she would have been entitled to in case of intestacy. The next step, had Katherine Wren Prine and Ray Prine not appealed, would have been the appointment of commissioners to set aside dower.
Where dower has not been assigned, so that there is no vested right to be divested, we must apply Hall v. McBride
retroactively. For that reason, we opine that the holding ofHall must apply in this case, and the appellant is not entitled to dissent from her husband's will. The judgment of the circuit court is due to be, and hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER and EMBRY, JJ., concur.
ALMON, J., concurs specially.
[1] Hall v. McBride, 416 So.2d 986 (Ala. 1982).
[2] Code 1975, § 43-1-15.