## W. B. TOLLESON v. B. E. WAGNER.

### Decided April 23, 1904.

**1.—Estoppel—School Land—Mandamus Suit in Supreme Court.**

Plaintiff sued out a writ of mandamus in the Supreme Court to compel the Commissioner of the General Land Office to award him the section of school land here in controversy, and the judgment of that court determined against him the principal issue of law involved in his claim against the defendant here for the land. Plaintiff there sued in the district court in trespass to try title to recover the land, and sought to controvert the facts which he had admitted in the application for mandamus in order to obtain the ruling of the Supreme Court on the question there presented. Held, that he was not entitled to have the same matters litigated twice, and was estopped from controverting the facts which he had alleged or accepted as undisputed in order to obtain the ruling in the mandamus case.

**2.—Evidence—Certified Copies—Archives of General Land Office.**

Where transfers of school lands were recorded in the proper counties and then filed in the General Land Office, and certified copies from the county records were offered in evidence, the fact that the originals were archives of the Land Office sufficiently accounted for their nonproduction.

Appeal from the District Court of Scurry. Tried below before Hon. H. R. Jones.

*James & Yeiser,* for appellant.

*Ed. J. Hamner,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This appeal is from a judgment in appellee's favor in an action of trespass to try title brought by him against appellant to recover the same section of school land which appellant had failed to have awarded to him in the mandamus proceeding instituted in the Supreme Court against the· Commissioner of the General Land Office and appellee. See Tolleson v. Rogan, 96 Texas, 424, 73 S. W. Rep., 520.

In addition to the usual allegations in trespass to try title, appellee set out the pleadings and judgment in the mandamus suit as a ground of recovery; from which it appears that the titles of the respective parties were the same as in this action, the only difference being that in the mandamus suit the facts alleged as the basis of the respective titles were not controverted. In defense of this action appellant undertook to controvert not only the issues of law passed upon in the mandamus case, but also the facts there treated as undisputed. The district court seems to have decided the issues of fact as well as of law against him, and numerous errors are assigned to the judgment, which was rendered without a verdict or findings of fact.

It is a sufficient answer to all the assignments of error that appellant was not entitled to have the same matters litigated twice, unless the Supreme Court was without jurisdiction in holding, as was done in the mandamus suit, that Wagner was entitled to the award made to him, and that the applications of Tolleson were properly rejected. True, the petition for mandamus, as we read the record and understand the ·

law, fails to show or to attempt to show any good reason why adequate relief could not have been had in an ordinary action of trespass to try title in the district court. Indeed, the petition does not even intimate, much less allege facts tending to show, that the Commissioner of the General Land Office would not respect a final judgment in such an action, and we know of nothing in the history of that office, for the last decade or so at least, to warrant such an intimation. It seems to us, therefore, that Tolleson could have had no just ground of complaint if the Supreme Court, when applied to as a court of original jurisdiction to litigate the titles in question, had dismissed his application for want of jurisdiction, the real issue evidently being between Tolleson and Wagner, and not between Tolleson and the Land Commissioner, who has so uniformly conformed his action to the final judgments of the regular tribunals established to try equitable as well as legal titles to land. Evidently the purpose of the mandamus suit was to have a speedy and authoritative determination by the Supreme Court of the issues of title involved, as seems to have become the common practice in school land litigation, rather than to compel a recalcitrant officer to discharge a plain duty. Thus, it seems, the long recognized jurisdiction of the district court over a large volume of land litigation is being practically transferred to the Supreme Court as a court of first instance, because of its power to grant the extraordinary writ of mandamus; presenting in this instance the anomaly of first a trial in the Supreme Court and then a trial in the district court of the same issues of title between the same parties, which could hardly have been contemplated as a legal possibility of our judicial system.

But the power was undoubtedly conferred on the Supreme Court of determining whether it would entertain jurisdiction of an application for mandamus; that is, whether in a given case the ordinary legal remedy would be adequate, and that question was presumptively determined in this instance in favor of jurisdiction. Appellant was therefore not only concluded by the decision of the court of his own selection on the issue of jurisdiction, but was also estopped from controverting facts which he had alleged or accepted as undisputed in order to obtain a very important ruling of that court on the issues of law arising on such facts.

Probably one assignment is not covered by the above conclusion, and it relates to the admission in evidence of certified copies from the General Land Office of transfers of appellee's home section on file in that office. These transfers had been duly recorded in the county where the land lies before they were filed in the General Land Office, and had been filed with the papers of this case as required by statute in case of recorded deeds. The fact that they had become archives of the land office was sufficient evidence of appellee's inability to produce the originals to warrant the admission of certified copies in evidence.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.