RIDGELL J. KELLER v. J. M. RADFORD GROCERY COMPANY.

Decided March 14, 1910.

**1.—Judgment—Conclusive between Parties.**

A mere judgment of nonsuit will not constitute a bar to a further proceeding by a plaintiff who has suffered it; but a judgment of a court upon the merits, having jurisdiction of the parties and of the subject matter, is conclusive in a collateral attack, however erroneous or irregular the judgment might be.

**2.—Same—Absence of Plaintiff.**

To a suit upon an open account for goods bought, the defendant pleaded minority at the time the goods were bought; the plaintiff failed to appear at the trial, but the court heard the defendant's evidence in support of his plea and rendered judgment in his favor and against the plaintiff. Held, that the judgment was a bar to any subsequent suit by the plaintiff or his assignee upon the account.

Appeal from the County Court of Mitchell County. Tried below before Hon. A. J. Coe.

*L. W. Sandusky,* for appellant.

*Royall G. Smith,* for appellee.—In order for a judgment to be a bar to a subsequent suit on the same cause of action, it must appear that said judgment was rendered in a trial upon the merits. Foster v. Wells, 4 Texas, 101; Hassell v. Nutt, 14 Texas, 260.

Where a plaintiff fails to appear in the Justice Court, the Justice has no power to proceed with a trial, but can only dismiss the action. Rev. Stats., article 1613; 20 Am. & Eng. Enc. Law (2d ed.), 242; Rains v. Herring, 68 Texas, 468.

CONNER, CHIEF JUSTICE.—This suit was instituted by appellee on July 27, 1908, to recover from appellant the sum of two hundred and ten dollars and sixty-one cents alleged to be due upon several itemized accounts assigned by different parties to the plaintiff. Among such accounts was one from C. M. Adams for the sum of thirty-six dollars and twenty cents, and one from the Colorado Mercantile Company for the sum of eighty dollars and fifty-five cents. To these appellant pleaded in bar two several judgments of the Justice Court of Precinct No. 1, Lamar County, Texas, rendered on the 15th day of June, 1908. One of the judgments was against the Colorado Mercantile Company and the other was against C. M. Adams, it appearing that the Colorado Mercantile Company and C. M. Adams had therein severally sued appellant to recover upon the accounts above specified.

The trial was before the court without a jury, and resulted in a

judgment for appellee in the sum of two hundred and twenty-two dollars and sixty-three cents, which included the Colorado Mercantile and C. M. Adams accounts.

Among other things, the trial court found the Colorado Mercantile Company and Adams accounts to be as above specified, and "that on June 15, 1908, in cause No. ——, then pending on the docket of the Justice Court in and for precinct No. One (1) in Lamar County, Texas, wherein the Colorado Mercantile Company was plaintiff and R. J. Keller defendant, and in cause No. ——, wherein Chas. M. Adams was plaintiff and R. J. Keller was defendant, which said first named suit was founded upon the same itemized account described in finding No. 2 above set forth, and which said second named suit was founded upon the same itemized account described in finding No. 3 above set forth, judgments were rendered in substantially the following language (the said judgments being identical except that in one the said Colorado Mercantile Co. was plaintiff and in the other the said Adams was plaintiff). 'On this day came on to be heard the above styled and numbered cause, wherein —— is plaintiff and R. J. Keller is defendant, and the plaintiff came not, either in person or by attorney, but the defendant came both in person and by attorney and announced ready for trial, and the court, no jury having been demanded, heard said cause upon matters of fact, as well as of law, and after having heard the pleadings, the evidence and the argument of counsel, finds that the law is with the defendant, and sustains his plea of minority, and finds that the law is with the defendant. It is therefore considered, ordered, adjudged and decreed by the court that the plaintiff, —— ——, take nothing by his suit, and that the defendant R. J. Keller go hence without day and recover of and from the plaintiff all costs in this behalf incurred, for all of which let execution issue.' "

The trial court concluded from the above finding as a matter of law that the judgments of the Justice Court of precinct No. 1, Lamar County, "were not on the merits of the said causes, and therefore constitute no bar to assertion of all or any part of plaintiff's cause of action herein sued on." In this we think the court erred. While it is well settled that a mere judgment of nonsuit will not constitute a bar to a further proceeding by a plaintiff who has suffered it (see 2 Black on Judgments, sec. 699; Hassell v. Nutt, 14 Texas, 260), it is equally well settled that a judgment of a court upon the merits having jurisdiction of the parties and of the subject matter, is conclusive in a collateral attack, however erroneous or irregular the judgment may be. See Williams v. Haynes, 77 Texas, 283, and authorities there cited; Abbot's Trial Evidence, page 826; 1 Greenleaf on Evidence, sec. 522; 2 Black on Judgments, sec. 500.

Upon the face of the judgments pleaded in this case it affirmatively appears that the court found in appellant's favor on the issue of minority presented in the Justice Court. The minority of the defendant in those suits was a plea in bar that went to the merits and if established forever precluded the plaintiffs from a recovery in the absence of allegations and proof that the goods had been obtained by fraudulent representations or were necessaries. See Carpenter v. Prig-

den, 40 Texas, 33. It is true the judgments recite that the several plaintiffs failed to appear, but such failure did not necessarily deprive the court of jurisdiction. By suing upon the accounts the plaintiffs invoked the jurisdiction of the court and entered a general appearance, and for aught that appears the accounts may have been verified and in the absence of sworn denial proof thereof not needed, and nothing in the express terms of the statute required the court to dismiss the cause. The statute provides: "The docket of cases to be tried by the justice shall be called regularly and the cases shall be tried when called unless the same should be continued or postponed to some later period in the term." Revised Statutes, article 1612. The next article provides that: "If the plaintiff shall fail to appear when the cause is called in its order for trial, the justice may, on motion of the defendant, dismiss the suit." Appellant insists that the term "may," as used in this article of the statute, is to be construed as "shall." If so, the statute indicates that it is to be "on motion of the defendant" which was not made in the cases under consideration. But whatever may be said to have been the duty of the justice upon the failure of the plaintiffs to appear, and however erroneous his action may have been in proceeding to a hearing upon the merits, his judgment was not void for want of jurisdiction. And not being so, the judgments can not be impeached or held as of no effect in this collateral proceeding.

We conclude that in so far as appellee recovered upon the Adams and Colorado Mercantile Company accounts, the judgment should be reversed and here rendered in appellant's favor, but that in all other respects the judgment must be affirmed. It will be further ordered that appellee pay the costs of appeal.

*Affirmed in part and reversed and rendered in part.*