KING v. KING. (No. 7690.) *

(Court of Civil Appeals of Texas. San Antonio. Feb. 2, 1927. Rehearing Denied March 2, 1927.)

1. Judgment ⬅576(1)—Judgment was law of all issues embraced in suit, even if error occurred.

Judgment was law of all issues embraced in suit, even though there may have been an error of law.

2. Judgment ⬅501—That statute on which judgment was based was unconstitutional did not make judgment void ab initio, so it could be attacked collaterally.

Although an unconstitutional act confers no right, imposes no duty, and affords no protection, fact that statute on which judgment was based was unconstitutional did not make judgment void ab initio, so as to render it assailable as a void judgment in collateral attack.

3. Judgment ⬅576(1)—Judgment, not void but erroneous, will support plea of res judicata.

Where judgment is not void, but merely erroneous and voidable, it will support plea of res judicata.

4. Judgment ⬅15—Judgments showing on their face that court had no jurisdiction are void.

Judgments are void when they show on their face that court had not acquired jurisdiction over party, or because of some want of inherent power to decide issue.

5. Judgment ⬅576(1)—Judgment to which husband was party that property was wife's separate property was bar to husband's action for rents, though statute on which judgment was based was later declared unconstitutional.

Judgment in suit between husband and wife, in which property was adjudged wife's separate property, rents of which she was entitled to, was bar to subsequent cross-action by husband in divorce suit for recovery from wife of one-half net rents and revenues received by her from property, even though statute on which first judgment was based was afterwards declared unconstitutional.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

Suit for divorce by Mrs. Nettie G. King against W. O. King, in which defendant filed a cross-action for one-half of the rents of property. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 279 S. W. 899.

Spears & Montgomery, of San Benito, for appellant.

Seabury, George & Taylor, of Brownsville, for appellee.

COBBS, J. Appellee brought this suit against appellant for a divorce, and appellant sued appellee by way of cross-action to recover certain sums of money as damages for rent, etc.

Appellee alleged that appellant was guilty of excesses, cruel treatment, and outrages against her of such a nature as to render their living together insupportable. Appellant answered by general denial, and by cross-action set up that by final judgment of the district court of Cameron county, rendered April 9, 1919, it had been adjudged that lot 1, block 31, in San Benito, together with the improvements thereon, belonged to appellee in her separate right, and constituted the homestead of appellee and appellant; that, prior and subsequent to the rendition of said judgment, appellee had collected the rents and

revenues arising from said property in the sum of $55,000, and had applied all of the same to her own use and benefit in fraud of the rights of appellant; that he supposed such rents and revenues were appellee's separate property until the Supreme Court, in Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799, had declared unconstitutional that part of the Act of April 4, 1917, c. 194, § 1, and chapter 130, § 1, of the acts of the Thirty-Seventh Legislature, amendatory of article 4621, Revised Statutes 1911, providing that the rents and revenues arising from the separate property of a married woman was her separate property. He prayed for an accounting by appellee for said rents and revenues, and that he have the control and management of same, and, in the alternative, that he was aged, infirm, and in ill health, was without means for his support and maintenance, and was unable to work, and moved that appellee be required to pay to him during the pendency of the suit monthly a sufficient amount to enable him to support and maintain himself, and procure proper medical treatment.

Appellee, in answer to said cross-action, filed a plea that the judgment by which said lot 1, block 31, San Benito, and the improvements thereon had been declared the separate property of appellee, also declared and adjudged that the rents and revenues theretofore and thereafter arising from said property, were the separate property of appellee, and that appellant had no right therein whatever, and that by reason of said judgment he was barred from claiming any such rights in this suit.

The parties to this controversy were married on September 16, 1905, and lived together as husband and wife until the summer of 1916, since which time they have lived in separate rooms in Mrs. King's lodging house in San Benito, Tex., and not as husband and wife. There were never any children of this marriage, although Mr. King has adult children by an earlier marriage, and there is no community property.

The lodging house was built on a lot in San Benito, deeded to Mrs. King as her separate estate. On August 5, 1916, appellant brought suit in the district court of Cameron county, being cause No. 3076, W. O. King v. Mrs. Nettie G. King, to recover an undivided nine-tenths of this lot and improvements as his separate property, and, in the alternative, to recover the whole as community property. The institution of this suit was the immediate cause of the separation of husband and wife. Mrs. King defended, claiming the property as her separate estate, and prayed for affirmative relief to quiet her title, and to establish her sole right to the rents accrued and to accrue. Pending the litigation, half of the rents and of the lodging house earnings were paid by her to Mr. King under order of the court. Final judgment was rendered April 9, 1919, in favor of Mrs. King, quieting her title to this property as her separate estate, but with an accounting for community moneys that had gone into the buildings, less the moneys so paid to Mr. King, resulting in a net charge of $500 in favor of Mr. King, which she subsequently paid off. This judgment also allowed Mr. King, rent free, the occupancy of one room, similar to that reserved by Mrs. King for her personal use, during the continuance of the marriage; the court thereby perpetuating the modus vivendi, but established in Mrs. King the right to the future rents and earnings of the rest of the property, as her separate estate, free of any right or claim of Mr. King thereto.

From this judgment Mr. King appealed to this court, which affirmed the judgment on February 4, 1920, and overruled Mr. King's motion for rehearing on March 10, 1920; and the Supreme Court refused a writ of error on December 22, 1920. See King v. King (Tex. Civ. App.) 218 S. W. 1093.

Mr. King's next step was taken on July 1, 1922, when he instituted suit in said district court, being cause No. 5147, W. O. King v. Mrs. Nettie G. King, to set aside the former judgment and to retry the matters in controversy therein, alleging that said judgment had been procured by the perjured testimony of his wife given on the former trial. The district court, on January 10, 1926, sustained the general demurrer and some of the special exceptions urged by Mrs. King to the amended petition filed by Mr. King on October 29, 1924; and, the plaintiff having declined to amend further, that court dismissed the suit. Again Mr. King appealed to this court, and this court affirmed the judgment of the court below. See King v. King, 279 S. W. 899.

All this time Mr. King continued to occupy his room, the parties living not as husband and wife, but separately, until Mrs. King brought this suit for divorce. From the date of the first judgment, Mrs. King has collected and used, in her own support and in part for the support of her husband, all the rents and fees earned from this lodging house, claiming them as hers alone under that judgment.

This case was tried by the court without a jury. The court made findings of fact at the request of defendant and, as they so fully cover the issues of law and fact, as shown from the record, we have adopted the same.

"That the defendant, W. O. King, and the plaintiff, Mrs. Nettie G. King, are husband and wife, and both of them have been, for 19 years last past, actual bona fide inhabitants of the state of Texas and residents of the county of Cameron, and that said defendant has been guilty of excesses, cruel treatment, and outrages toward the plaintiff, as complained of in her petition, of such a nature as to render their living together insupportable.

"That the marriage and marital relation heretofore existing as aforesaid between plaintiff and defendant be, and the same are hereby, dissolved, and that plaintiff be, and she is hereby, divorced from the defendant, by separation from

the bonds of matrimony heretofore existing between them.

"That the cause of action set up by defendant by way of cross-action against the plaintiff, same being for the recovery from plaintiff of one-half of the net rents and revenues received by her from lot 1, block 31, original town of San Benito, in Cameron county, Tex., and the buildings and improvements thereon, was concluded and adjudicated against the defendant by the final judgment of a court of competent jurisdiction heretofore rendered in a former suit between the same persons who are the parties to this suit upon a trial upon the merits of said former suit, namely by the judgment of the district court of Cameron county, Tex., Twenty-Eighth judicial district, rendered on April 9, 1919, in a cause therein then pending, being cause No. 3076, entitled W. O. King v. Mrs. Nettie G. King, which judgment was affirmed upon appeal and is final and in full force and effect, and that the said judgment pleaded by the plaintiff, Mrs. Nettie G. King, in bar of said cross-action in her plea of res judicata is a full and complete bar to the defendant W. O. King's recovery of any part of such rents and revenues, the right to which was in issue in that suit and expressly adjudged therein by the judgment aforesaid.

"Wherefore it is ordered, adjudged, and decreed: that the defendant, W. O. King, take nothing by his said cross-action, and that of same the plaintiff, Mrs. Nettie G. King, go hence without day. That from and after the entry of this decree, the right of defendant under the final judgment rendered by the district court of Cameron county, Tex., in cause No. 3076, entitled W. O. King v Mrs. Nettie G. King, to the use and occupation of any portion of said premises, to wit, lot 1, block 31, original town of San Benito, Cameron county, Tex., and the improvements thereon, during the existence of the marital relation between the said parties, be and the same is hereby in all things terminated and divested out of the said defendant. That plaintiff have and recover of and from the defendant all costs of this suit, for which execution may issue, and she is now here awarded her appropriate writs of possession and restitution."

In regard to the facts introduced on the question of cruel treatment, there seems to be no escape from the statement of facts that they render their living together as husband and wife impossible. Here they have for two years lived in the same house, but not as man and wife, but using separate apartments, and they are as far apart as when they first separated. It is not necessary for us to reproduce the facts here to pass on them. The trial court has done that, and upon sufficient cogent facts granted the divorce. No other conclusion it seems to us could be logical, fair, and just under the evidence.

This case has been, following appellant's contention, reduced to two propositions of law:

First, as to the sufficiency of the evidence of cruel treatment of such a nature as to render their living together insupportable. That issue the trial court decided on a full review of the evidence that supported the judgment against appellant, which we adopt.

The second issue is as to the effect of the first judgment as adjudicating appellee's right as against the appellant to the rents and earnings produced from appellee's separate property, adjudged to her by the court of competent jurisdiction.

Appellant has presented a most ingenious and interesting argument on that question, and, but for the stern facts against him, he would win out. In a nutshell, and reduced right down to a concrete statement, in the prior litigation between them, the subject-matter being the same as is involved here, both as to pleadings and facts, the court decided the question against appellant and in favor of appellee. On the trial of the former cause No. 3076, in which, on April 9, 1919, the judgment was rendered:

"That said lot 1, block 31, was the separate property of Mrs. King, and that she recover title and possession thereof, and that her title be quieted. That an accounting of rents and revenues was had, by which it was determined that Mrs. King's separate estate owed the community of herself and W. O. King $1,000, $500 of which was directed to be paid to him. That W. O. King was entitled to occupy one room in the building on said lot, and that the remainder was under the sole management, control, and disposition of Mrs. King, and that she was entitled to collect, use, and dispose of all rents and revenues from said property."

From this judgment appellant appealed to the Fourth Court of Civil Appeals, where it was affirmed, and the Supreme Court denied a writ of error. That cause involved the very issues presented here.

The judgment was based upon, and in reliance of the Act of April 4, 1917, chapter 194, § 1, and chapter 130, § 1, Acts of the Thirty-Seventh Legislature, both amendatory of article 4621 of the Revised Statutes 1911, to the effect that the rents and revenues arising from the separate property of a married woman were her separate property.

It is contended that that statute was void; appellant insisting that Mrs. King sought only to have the character and title of said lot and improvements determined and adjudicated. However, Mrs. King urged and claimed the title to the property as her separate estate, both as to the land and revenues thereof, and that is what was adjudicated to her.

After the adjudication of those issues a similar question came up in Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799, wherein the Supreme Court held:

"Since rents and revenues derived from the wife's separate lands are entirely without the constitutional definition of the wife's separate property, and since the Legislature can neither enlarge nor diminish such property, it follows that the portions of the Acts of 1917 and 1921, which undertake to make rents and revenues

from the wife's separate lands a part of her separate estate, are invalid."

This was decided on the 10th day of June, A. D. 1925. The invalidity of that act was not called in question in the proceedings in which that judgment was obtained, nor in any appeals of that case, and no thought of its invalidity evidently was indulged in.

[1] For the purposes of this appeal, and on the plea of adjudication, both the invalidity of the law and the subsequent decision of Arnold v. Leonard, supra, must be laid out of sight. That judgment was the law of all issues embraced therein. It may be that it was an error of law, but that renders it no more voidable, and the plea comes too late now to attack it in a collateral proceeding.

[2] It is true and well settled by authority that an unconstitutional act confers no right, imposes no duty, and affords no protection (Chicago, I. & L. Ry. Co. v. Hackett, 228 U. S. 559, 33 S. Ct. 581, 57 L. Ed. 966; Board of Highway Commissioners v. Bloomington, 253 Ill. 164, 97 N. E. 280, Ann. Cas. 1913A, 471; Norton v. Shelby County, 118 U. S. 442, 6 S. Ct. 1121, 30 L. Ed. 178); but that is not the question here. The question here is that there is a judgment by a court of competent jurisdiction in favor of appellee against appellant settling all the issues in that case that are involved here, unreversed and still in force. It makes no difference whether the court committed an error of law in its ruling or not that would merely go to the error of the court, subject to correction on appeal, and for that matter voidable, but not void ab initio, so as to render it assailable as a void judgment in a collateral attack.

[3] In the matters involved, the appellant was afforded an opportunity to present all his defenses, rights, and claims and contentions concerning the nature of the property, to defeat his wife's claim, and, if he did not do so it was his fault, even though the act was unconstitutional, but he did not do so. He stood by the illegal act, whether, as he says, the law was impossible of determination or not. We do not think so; if the law was void, as was afterwards held in Arnold v. Leonard, supra, the same opportunities were offered to appellant to attack it then as now. The adjudication of the dispute as to rents and revenues was one of the main questions made by the pleading. The rentals past, as well as future rentals, were what the parties were mainly litigating about, and the pleadings were sufficiently specific in putting in the issue their respective claims of ownership. Now then, unless the judgment was void, but being merely erroneous and voidable, it will support the plea of res adjudicata. Cook v. Burnley, 45 Tex. 97; Murchison v. White, 54 Tex. 78; McGhee v. Romatka, 19 Tex. Civ. App. 397, 47 S. W. 291; Tolleson v. Wagner, 35 Tex. Civ. App. 577, 80 S. W. 846; Gulf

Production Co. v. Palmer (Tex. Civ. App.) 230 S. W. 1017; Keller v. Radford Grocery Co., 59 Tex. Civ. App. 629, 127 S. W. 888; 34 Corpus Juris, pp. 768, 769 and pp. 899-901; Freeman on Judgments, §§ 727 and 728.

[4, 5] Judgments are void when they show on their face the court had not acquired jurisdiction over the party or because of some want of inherent power to decide the issue, and hence its jurisdiction would not be conclusive in the latter suit, because then in law there would have been no adjudication at all. So then, the right to the earnings of her separate estate, if based upon error of fact or law, was not void, could not have been in the very nature of things, and, not having been corrected on appeal or otherwise, must stand as any other judgment, as valid and not subject to attack collaterally.

The suit was to establish against her offending husband her sale and exclusive right to the rents and the revenues of her separate estate as the law (Act of 1917) then stood. Clearly the district court gave valid effect to it because its validity stood unchallenged by appellant, and under that judgment appellee was required to and did account for the rentals and revenues originating or received up to the date the act took effect, but allowed to retain as her own those subsequently received. The rights to future rents and earnings were decreed to her alone without any right to her husband to participate therein, and no claim as to the invalidity of the act was set up until the case of Arnold v. Leonard was decided.

We think the testimony sufficiently supports the judgment and findings of the trial court on all the issues, and accordingly it is affirmed.