# CHICAGO, INDIANAPOLIS & LOUISVILLE RAIL-
## WAY COMPANY *v.* HACKETT.

ERROR TO THE APPELLATE COURT, FIRST DISTRICT, STATE
OF ILLINOIS.

No. 889. Submitted February 24, 1913.—Decided May 5, 1913.

This court has heretofore sustained the constitutionality of the statute
of Indiana of 1893 abolishing as to railroad corporations the defense
to actions for personal injuries sustained by employés of negligence
of a fellow-servant. *Tullis* v. *Lake Erie Railroad,* 175 U. S. 348;
*Louis. & Nash. R. R.* v. *Melton,* 218 U. S. 38.

If a state statute has been construed by the highest state court it is
the duty of this court to determine its constitutionality under the
Federal Constitution as so construed.

The Supreme Court of Indiana having held that the statute of 1893 of
that State abolishing the fellow-servant defense only applied to
railroad employés whose occupation exposed them to hazards inci-
dent to operation of trains, this court holds, following its previous
decisions, that the statute is not unconstitutional as denying equal
protection of the laws.

*Quære* whether a state statute applicable to all employés of a railroad
company whether exposed to hazard of operations of trains or not
contravenes the equal protection clause of the Fourteenth Amend-
ment.

The court below was justified in holding on the facts in this case that
a yard foreman was in charge or control of the train on which the
employé sustained his injuries.

One who did not in the court below plead or prove the settled judicial
construction of a statute of another State cannot claim that full
faith and credit was denied to the judicial construction of such stat-
ute by the courts of the enacting State.

The putting in evidence of opinions of the highest court of a State
construing a statute of that State, does not amount to proving a
settled construction of that statute.

In order that this court may review the judgment of a state court on
the ground that it denied full faith and credit to the judicial con-
struction of a statute of a State by the courts of that State, the right
or claim under the full faith and credit clause of the Constitution

must have been set up in the court below. It is too late to set it up in the petition for writ of error from this court.

An unconstitutional statute is not a law, and is as inoperative as though it never had been passed; it can neither confer a right or immunity nor operate to succeed any existing valid law; and so held as to Employers' Liability Act of 1906.

*Quære* the extent to which the Employers' Liability Statute superseded state statutes upon the same subject.

The purpose of Congress cannot be indicated by a statute which is unconstitutional.

THE facts which involve the constitutionality of the statute of Indiana abolishing as to railroad companies the fellow-servant defense, are stated in the opinion.

*Mr. Morse Ives* for defendant in error in support of motion to dismiss or affirm.

*Mr. E. C. Field, Mr. H. R. Kurrie* and *Mr. John D. Black* for plaintiff in error, in opposition thereto.

MR. JUSTICE LURTON delivered the opinion of the court.

This is a personal-injury case. The plaintiff, Haynes L. Hackett, was a yard switchman in the employ of the railroad company. While engaged in switching cars in the yard of the company at Monon, Indiana, on February 4, 1907, he was injured through the negligence of another servant of the company who was his immediate superior as yard foreman. He brought this action in the Supreme Court of Cook County, Illinois, and recovered a judgment for $30,000, for the loss of both legs. This was affirmed by the Appellate Court of Illinois, which was the highest court of the State to which the case could be carried.

The plaintiff's declaration contained thirteen counts. A demurrer to the first count was sustained and it was

dropped out of the case. The remaining counts were based upon the Indiana act of March 4, 1893 (Acts 1893, p. 294, c. 130), and particularly the fourth paragraph thereof. The demurrer to these counts was overruled, and the plea of not guilty was entered, upon which issue was joined.

The Indiana statute provides (§ 1) that "every railroad or other corporation, except municipal, operating in this State, shall be liable in damages for personal injuries suffered by any employé while in its service, the employé so injured being in the exercise of due care and diligence, in the following cases." One of the cases described was this: "When such injury was caused by the negligence of any person in the service of such corporation who has charge of any signal, telegraph office, switch yard, shop, round house, locomotive, engine or train upon a railway."

Shortly stated the case alleged was that the plaintiff while assisting in the switching of certain cars from one track to another was, through the negligence of the yard foreman, then in control and directing the operation, thrown violently and negligently from one of the cars and run over. The plaintiff in error claimed in the state court that the Indiana statute upon which the action was brought was invalid as a denial to railroad companies of the equal protection of the law guaranteed by the Fourteenth Amendment. This objection was denied, and the ruling is assigned as error.

The constitutionality of the act has been upheld by this court in *Tullis* v. *Lake Erie Railroad*, 175 U. S. 348, and in *L. & N. Railroad* v. *Melton*, 218 U. S. 36.

It is, however, contended that neither of the cases cited brought before this court the precise question here presented, namely, that the act violates the Fourteenth Amendment, because upon its face it applies to "any employé," thereby embracing in one classification those employés subjected to the hazards incident to the actual

operation of railway trains with those in other branches of the service not so subjected, and, therefore, not within the reason for the classification.  Upon this assumption it is claimed that the act is one which cannot be upheld as valid as to one class of employés and invalid as to the other embraced within the single classification, and must, therefore, be condemned as wholly invalid under the rule applied by this court in *Employers' Liability Cases*, 207 U. S. 463. But this argument overlooks the fact that the act in question is an act of state legislation, and that its construction is a matter for the state courts of Indiana.  If the Supreme Court of Indiana has construed the act as not extending to any class of railroad employés except those whose occupation connects them in some way with the movement of trains where they are exposed to the hazards incident to the operation and movement of trains and engines, and the act as thus construed and applied is a valid enactment, we must accept that as the proper interpretation of the act.  The single duty of this court would then consist in determining whether the act as thus construed violated the equality clause of the Fourteenth Amendment of the Constitution of the United States.

In repeated decisions the Indiana Supreme Court has construed the act as one which cannot be invoked by any class of railroad employés not engaged in some branch of service where they are subjected to the hazards incident to the movement of trains or engines, and held that as thus limited the act is valid: *Richey* v. *Cleveland, C., C. & St. L. Ry. Co.*, 96 N. E. Rep. 694; *Bedford* v. *Bough*, 168 Indiana, 671; *Indianapolis Traction & Terminal* v. *Kinney*, 171 Indiana, 612; *Cleveland, C., C. & St. L. R. R. Co.* v. *Foland*, 174 Indiana, 411.  Thus the Indiana court, in *Pittsburgh &c. Ry.* v. *Rogers*, 168 Indiana, 483, 484, said:

"It was held by this court in *Pittsburgh &c. R. R. Co.* v. *Montgomery*, 152 Indiana, 1; *Indianapolis Union R. Co.* v. *Houlihan*, 157 Indiana, 494; *Pittsburgh &c. R. Co.* v.

*Lightheiser,* 168 Illinois, 438; *Pittsburgh &c. R. Co.* v. *Collins,* 168 Illinois, 467; *Pittsburgh &c. R. Co.* v. *Ross,* 169 Indiana, 3; that, as applied to railroads, said Employers' Liability Act was not in violation of the. Fourteenth Amendment of the Constitution of the United States, or of any provision of the Constitution of this State. In *Pittsburgh &c. R. Co.* v. *Ross, supra,* we said: 'The validity of this act, so far as it applies to railroads, was upheld in the case of. *Pittsburgh &c. R. Co.* v. *Montgomery,* 152 Indiana,. 1, and that holding has been twice reaffirmed since this appeal was filed, . . . and the constitutionality of the law must be regarded as settled.' ·

"Following the case of *Pittsburgh &c. R. Co.* v. *Ross,* we hold that the constitutionality of said law must be regarded as settled and it will not be considered in this case."

In *Indianapolis Traction Co.* v. *Kinney, supra,* the court said:

"Notwithstanding the language of the statute is 'that every railroad, or other corporation except municipal, operating in this State, shall be liable for damages for personal injury suffered by any employé while in its service,' it must not be for a moment understood that the benefits of the statute are extended to all employés of a railroad corporation, or to any other. class of employés than those whose duties expose them to the peculiar hazards incident to the use and operation of railroads. There is no reason, in fact or fancy, why the benefits of the statute should be extended to the office and shop employés of railroad corporations, or to others removed from the dangers of train service, and denied to the multitude of other workmen engaged in businesses of like and equal hazard. . . . By this, we do not mean that it is essential to the bringing of an employé within the statute that he should be connected in some way with the movement of trains, but it seems sufficient if the per-

formance of his duties brings him into a situation where he is, without fault, exposed to the dangers and perils flowing from such operation and movement, and he is, by reason thereof, injured by the negligence of a fellow servant described in the act."

That the act, as thus construed and upheld by the highest court of Indiana, does not contravene the equal protection clause of the Fourteenth Amendment is settled by the two decisions of this court cited above. But we do not intimate that the act, if construed as applicable to all employés of a railroad company, would be in contravention of that clause.

The Illinois court held that upon the facts of this case the yard foreman through whose negligence the plaintiff Hackett was injured was in charge of a train within the meaning of the act. The train was in the yard. Its movements were under the foreman's control. The act for which the company was held liable under the statute was, said the Illinois court (170 Ill. App. 156), quoting from *Chicago, Indianapolis &c. Ry.* v. *Williams,* 168 Indiana, 276, "A negligent act occurring at a time when the doer of the act is in charge or control of a train." To hold that the operation in the yard of a company, of a train hauled by an engine, for the purpose of distributing its cars is not an operation of a train or engine within the meaning of the Indiana act, and that the negligence of employés directing and controlling the movements of the train is not the negligence of one in charge of a train within the fair purpose and meaning of the act, would be to make the act meaningless as to the most dangerous class of work which falls to the lot of railroad employés.

We therefore conclude that the contention that the Illinois court erred, either in holding the act valid under the equal protection clause or in its application of the act to the facts of this case, is without merit.

It is then said that the Illinois court denied full faith

and credit to the judicial construction of this act by the Indiana court. The first answer to this is that there is no want of harmony between the construction and application of the act by the Illinois court and the interpretation and application of the act by the Indiana court as indicated by the opinions of that court cited above. A second and sufficient reason is that the plaintiff in error did not plead and prove any settled construction of the act by the Indiana courts. Many opinions of the Indiana court were put in evidence, though not in support of any formal plea of settled construction. Neither did the plaintiff in error specially set up any right or claim under the full faith and credit clause of the Constitution until it did so under its petition for a writ of error from this court. That was too late. Our right to review the judgment of the Illinois court arises under § 709, Rev. Stat., and is, therefore, limited to a Federal right specially set up by the party seeking to take advantage of it and denied by the state court. In *L. & N. Rd. Co.* v. *Melton, supra,* where a similar question arose touching an alleged departure of the Kentucky court from the interpretation placed by the Indiana court upon the statute of Indiana, this court said (p. 52):

"Our duty, of course, is confined to determining whether error was committed by the court below as to the Federal questions involved, and as it is impossible to predicate error as to matters not pleaded or proved in the court below, which were essential to be pleaded and proved, it follows that the contention concerning the denial of the protection of the full faith and credit clause furnishes no ground for reversal."

We conclude, therefore, that we are not concerned in the interpretation placed upon the Indiana act unless it be that that construction offends against some Federal right properly asserted and open to our consideration.

It is then assigned as error that the court below erred

in not holding that the Indiana statute had been superseded by the Federal Employers' Liability Act of June 11, 1906 (34 Stat. 232, c. 3073). It does appear in one or more of the counts of the plaintiff's declaration that the railroad company was engaged in operating a railroad extending into two or more States, and such was the evidence. The first count might be said to declare upon the liability of the company under the act of 1906. Upon that ground the case was removed to the Circuit Court of the United States. But that court remanded it to the state court. Thereupon defendant demurred to the first count and the demurrer was sustained. No exception was saved and no error assigned either in the state court or in this. In no other way was any claim set up or asserted under that Federal act, nor did the state court make any ruling as to the effect of that act upon the Indiana statute, and the judgment of the Illinois court was rested wholly upon the Indiana statute. Not having been specially set up in the state court and there passed upon, it is obvious that the point has not been saved.

But the act of Congress of June 11, 1906, had been held an invalid exercise of the power of Congress, this court saying:

"Concluding, as we do, that the statute, whilst it embraces subjects within the authority of Congress to regulate commerce, also includes subjects not within its constitutional power, and that the two are so interblended in the statute that they are incapable of separation, we are of the opinion that the courts below rightly held the statute to be repugnant to the Constitution and non-enforcible." The *Employers' Liability Cases*, 207 U. S. 463, 504.

That act was therefore as inoperative as if it had never been passed, for an unconstitutional act is not a law, and can neither confer a right or immunity nor operate to supersede any existing valid law. *Norton* v. *Shelby County*, 118 U. S. 425, 442; *Ex parte Siebold*, 100 U. S. 371, 376.

The second Employers' Liability Act, which avoided the faults of the first, was not passed until after the injury complained of. We pass by as not involved any question as to the extent to which that act operated to supersede the Indiana statute. The situation is not at all like that presented in *Northern Pacific Railway* v. *Washington*, 222 U. S. 370. There a perfectly valid act concerning the hours of service upon railroads engaged in interstate commerce had been passed. The mere postponement of its operation was held not to lessen its effect as a manifestation of the purpose of Congress to regulate a subject which might be the subject of state legislation only when Congress had been silent. The effect of this purpose to take control of the subject was held to supersede an existing state statute dealing with the same matter from the time of the passage of the act of Congress. No such purpose could be manifested by a void statute, since it was not law for any purpose.

We conclude that the judgment of the court below should be

*Affirmed.*