## BESS RUTTENBERG *v.* TESSIE DINE

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued April 5—decided June 6, 1950

*James F. Rosen,* with whom was *Bernard L. Godfrey,* for the plaintiff in error.

*Joseph I. Sachs,* with whom, on the brief, was *Harry L. Edlin,* for the defendant in error.

O'SULLIVAN, J. On November 2, 1949, the defendant in error, referred to herein as the landlord, instituted a summary process action against the plaintiff in error, referred to herein as the tenant, to recover possession of premises at 23 Mead Street, New Haven. The action was returnable to the City Court of New Haven on the fourth Tuesday of the month, which was November 22, 1949. On November 29, the tenant, as appears

by a correction of the bill of exceptions made by the City Court after the record was printed, filed a motion for a trial by jury. The motion was denied without memorandum. Thereafter, an answer was filed and the issues were tried to the court. Judgment entered for the landlord to recover possession of the premises. Following this judgment, the tenant secured the issuance of a writ of error to this court. The only question to be determined is whether or not the trial court erred in denying the motion for a jury trial.

In October, 1806, the General Court passed "An Act prescribing a summary process to enable the owners of lands, houses, or other buildings to recover possession." Statutes, 1808, p. 450, c. 23. Incorporated in the act was a provision giving power to any assistant or justice of the peace in the town in which the leased premises were situated to issue a summons to the lessee to appear before him, and giving him the further power to summon a jury of six disinterested freeholders of the town to pass upon certain issues. This process has remained up to the present time, although the act of 1806 has been modified and enlarged by the General Assembly from time to time. Section 8276 of the General Statutes continued the right in either the landlord or the tenant to move, on or before the return day, for a jury trial. In 1949, the General Assembly repealed this section. Sup. 1949, § 664a. The tenant challenges the constitutionality of the legislative action on the ground that it deprived her of the right to a jury trial guaranteed by the last provision of our bill of rights. Conn. Const. Art. 1, § 21.

This question is not presented for determination by the record in the instant case. The tenant is caught between Scylla and Charybdis. On the one hand, if the General Assembly could lawfully deprive litigants of a jury trial in summary process proceedings, the

court's denial of the motion would afford the tenant no cause for complaint. If, on the other hand, her right to a trial by jury is one guaranteed by the constitution, the legislative action in repealing § 8276 was void. *Chicago, I. & L. Ry. Co.* v. *Hackett,* 228 U. S. 559, 566, 33 S. Ct. 581, 57 L. Ed. 966; *Anderson* v. *Lehmkuhl,* 119 Neb. 451, 459, 229 N. W. 773. "An unconstitutional act . . . is, in legal contemplation, as inoperative as though it had never been passed." *Norton* v. *Shelby County,* 118 U. S. 425, 442, 6 S. Ct. 1121, 30 L. Ed. 178. Under such circumstances, § 8276 would remain applicable and controlling. Its provisions would entitle the tenant to have certain issues determined by a jury, with but a single limitation upon that right. By its terms she was required to move for a jury trial on or before the return day. This she did not do. From the record, beyond which we cannot look, it is impossible to ascertain, in the absence of any memorandum, whether the court denied the motion on the ground that the repeal of § 8276 was constitutional or because the motion was tardily filed. The fact that the only question argued by counsel to the court concerned the constitutionality of § 664a could not operate to curtail its power to pass upon the delay in filing the motion. *Thompson* v. *Main,* 102 Conn. 640, 641, 129 A. 786. There is nothing erroneous in the proceeding complained of.

There is no error.

In this opinion the other judges concurred.