Kathryn FITE, as the Mother of C___ D___ F___, Appellant,

v.

Barney Ray KING, Appellee.

No. 05–85–00820–CV.

Court of Appeals of Texas, Dallas.

June 23, 1986.

Rehearing Denied Sept. 29, 1986.

Walter L. Irvin, Dallas, for appellant.

Charles S. Fuquay, Moseley, Jones, Allen & Fuquay, Dallas, for appellee.

Before the court en banc.

JOHN L. McCRAW, Jr., Justice.

Appellant, Kathryn Fite, as the mother of C___ D___ F___, a minor child,[1] appeals from a take-nothing summary judgment in favor of appellee, Barney Ray King, in Fite's action to establish the paternity of the child. In her sole point of error, Fite contends that the doctrine of res judicata does not bar her action. We disagree. Accordingly, we affirm.

The present case is the second suit brought by Fite, in her capacity as mother of the child, against King to establish the child's paternity. In the first action, brought in 1981, the trial court rendered summary judgment against Fite. The summary judgment proof in the present case contains Fite's trial pleadings, the judgment, and the order overruling Fite's motion for new trial in the 1981 action. Although Kings's summary judgment motion and proof in the present case does not inform this Court of the basis upon which the trial court rendered a take-nothing judgment against Fite in the first action, both parties state that the trial court based its judgment on the one-year statute of limitations contained in section 13.01 of the Texas Family Code as it existed in 1981. Accordingly, we treat the 1981 judgment as a take-nothing judgment rendered solely upon the ground that Fite's cause of action was barred by the one-year statute of limitations contained in section 13.01 as it existed in 1981. *Finnigan v. Blanco County,* 670 S.W.2d 313, 318 (Tex.App.—Austin 1984, no writ); TEX.R.CIV.P. 419. It is clear from King's motion for summary judgment in this second action that the trial court's take-nothing judgment in the present case is based on the doctrine of res judicata. Fite did not appeal from the 1981 judgment, and that judgment became final.

■ This appeal is considered only in light of the existing parties. Both actions against King were brought in Fite's capacity as mother of the child; the child has not been represented in an individual capacity.[2] We do not pass judgment on the child's rights, as that issue is not before this court.

Fite argues that the doctrine of res judicata should not preclude her second suit for three reasons: (1) the Texas Family Code amendments allow a previously barred claim to be litigated; (2) the law barring the original action was declared to be unconstitutional; and (3) the original case was not decided on the merits. Fite's appeal is based in part upon section 2 of the 1983 amendment to Family Code section 13.01, which provides:

SECTION 1. Section 13.01, Family Code, is amended to read as follows: Sec. 13.01. TIME LIMITATION OF SUIT. A suit to establish the parent-child relationship between a child who is not the legitimate child of a man and the child's natural father by proof of paternity must be brought *on or* before the *second anniversary of the day the child becomes an adult* [the child is four years old], or the suit is barred.

SECTION 2. A cause of action that was barred before the effective date of this Act but would not have been barred by Section 13.01, Family Code, as amended by this Act, is not barred until the period of limitations provided by Section 13.01, Family Code, as amended by this Act, has expired.

Act of June 19, 1983, ch. 744, secs. 1, 2, 1983 Tex.Gen.Laws 4530–31.

In this action Fite seeks the same relief sought in the 1981 suit. Under the doctrine of res judicata, a final judgment ren-

---

1. We note that the minor child, C___ D___ F___, has not been a party to either suit in any capacity. *See* TEX.R.CIV.P. 44 and 173.

2. Fite did not bring the two suits as next friend or guardian ad litem for the minor child. A minor child cannot bring a cause of action on its own unless: (1) disability has been removed, *Sax v. Votteler,* 648 S.W.2d 661, 666–67 (Tex.

1983); (2) it is represented by a "next friend", *see Safeway Stores Inc. v. Rutherford,* 130 Tex. 465, 111 S.W.2d 688, 689 (1938); TEX.R.CIV.P. 44; or (3) it is represented by a guardian ad litum; *see Pleasant Hills Children's Home of the Assemblies of God, Inc. v. Nida,* 596 S.W.2d 947, 951 (Tex.Civ.App.—Fort Worth 1980, no writ); TEX.R.CIV.P. 173.

dered against a claimant bars later relitigation of the same cause of action. This is "technical" res judicata or "claim preclusion." *Gilbert v. Fireside Enterprises, Inc.,* 611 S.W.2d 869, 871 (Tex.Civ.App.— Dallas 1980, no writ). When a question of fact or law is put in issue and the court renders a final judgment on a ground of recovery or defense, there can be no subsequent suit on the same issues, whether the second suit is for the same, or a different cause of action. *Hammonds v. Holmes,* 559 S.W.2d 345, 346 (Tex.1977); *Olivarez v. Broadway Hardware, Inc.,* 564 S.W.2d 195, 198 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

■ We consider Fite's argument that the doctrine of res judicata does not apply because the one-year period afforded by section 13.01 for establishing paternity was declared unconstitutional as it denies illegitimate children in Texas the equal protection of law. *Mills v. Habluetzel,* 456 U.S. 91, 102, 102 S.Ct. 1549, 1556, 71 L.Ed.2d 770 (1982). An unconstitutional act confers no right, imposes no duty, and affords no protection. *Chicago, Indianapolis & Louisville Railway Co. v. Hackett,* 228 U.S. 559, 566, 33 S.Ct. 581, 584, 57 L.Ed. 966 (1913); *King v. King,* 291 S.W. 645, 648 (Tex.Civ.App.—San Antonio 1927, writ dism'd w.o.j.). That, however, is not the issue in the present case. In the present case, Fite acquiesced in the application of the unconstitutional act and did not appeal. Indeed, Fite could have pursued the matter, as did the natural mother in *Mills,* and secured the same holding as did the natural mother in *Mills.* Instead, Fite stood by and allowed an adverse judgment to become final. The fact that a statute upon which a judgment is based is unconstitutional and the error correctable on appeal, does not make the judgment void ab initio so as to render it assailable as a void judgment in a collateral attack. *See King,* 291 S.W. at 648. We conclude, therefore, that the fact that the statute barring the original action was declared unconstitutional, after the judgment in the original action had become final, does not prevent application of the doctrine of res judicata in the present case. *See Slater v. Blackwood,* 15 Cal.3d 791, 126 Cal.Rptr. 225, 543 P.2d 593 (1975).

■ Fite asserts that the first paternity suit was not decided on the merits. Res judicata requires a "valid and final personal judgment on the merits of a plaintiff's cause of action" in order to preclude relitigation on the same cause of action. *Hammonds,* 559 S.W.2d at 346 (Tex.1977); *Gilbert,* 611 S.W.2d at 871. Fite ignores the fact that a proper affirmative defense may satisfy the requirements for the rendition of a valid and final judgment. *Hammond,* 559 S.W.2d at 346; *Olivarez,* 564 S.W.2d at 198. King's affirmative defense of limitations was the basis of the first summary judgment against Fite. This was a valid and final judgment on the merits of the cause of actions.

Finding no merit in Fite's assertion that the doctrine of res judicata does not bar her action in the present case, we overrule Fite's sole point of error. As this case is disposed of by the doctrine of res judicata, it is not necessary to address the constitutional challenge to section 2 of the 1983 amendment to section 13.01 of the Texas Family Code. *City of San Antonio v. Schautteet,* 706 S.W.2d 103 (Tex.1986).

Affirmed.

GUITTARD, C.J., and AKIN, STEPHENS, GUILLOT, HOWELL, SCALES, STEWART and HOLLINGSWORTH, JJ., join in this opinion.

WHITHAM, J., files a concurring opinion.

VANCE, DEVANY and McCLUNG, JJ., join in the concurring opinion.

WHITHAM, Justice, concurring opinion.

I concur wholeheartedly in the majority's opinion—as far as it goes. I write to address an issue necessary to be decided and disposed of in order to affirm. I do so because the majority refuses to speak to an issue advanced by Fite which the majority concedes has been presented and raised. I

quote the majority: "Fite argues that the doctrine of res judicata should not preclude her second suit for three reasons: (1) the Texas Family Code amendments allow a previously barred claim to be litigated; (2) the law barring the original action was declared to be unconstitutional; and (3) the original case was not decided on the merits." The majority's opinion, however, decides only the second and third issues raised by Fite. The majority fails to dispose of the first issue raised by Fite. To my mind, the Texas Rules of Civil Procedure require that all three of the issues raised by Fite be disposed of in order to affirm. I find this requirement in rules 451 and 452. The court of appeals shall decide all controlling issues presented by proper points or cross-points of error and announce its conclusions in a written opinion. TEX.R.CIV.P. 451. Opinions of the courts of appeals shall be as brief as practical and yet dispose of every substantial issue raised and necessary to disposition of the appeal. TEX.R.CIV.P. 452(a). Consequently, the first issue raised by Fite must be decided against Fite before this court can affirm the judgment of the trial court.

In the present case, Fite seeks the same relief sought in the first action. In the first issue raised by Fite, Fite grounds her right to do so upon section two of the 1983 amendments to Family Code section 13.01. The 1983 amendments to Family Code section 13.01 were as follows:

SECTION 1. Section 13.01, Family Code, is amended to read as follows: Sec. 13.01. TIME LIMITATION OF SUIT. A suit to establish the parent-child relationship between a child who is not the legitimate child of a man and the child's natural father by proof of paternity must be brought *on or* before the *second anniversary of the day the child becomes an adult* [child is four years old], or the suit is barred.
SECTION 2. A cause of action that was barred before the effective date of this Act but would not have been barred by Section 13.01, Family Code, as amended by this Act, is not barred until the period of limitations provided by Section 13.01,

Family Code, as amended by this Act, has expired.

Act of June 19, 1983, ch. 744, §§ 1, 2, 1983 Tex.Gen.Laws 4530–531. As briefed and argued by both parties, Fite's reliance upon section two of Act of June 19, 1983, ch. 744, 1983 Tex.Gen.Laws 4531, presents this court with the question of whether section two of Act of June 19, 1983, ch. 744, 1983 Tex.Gen.Laws 4531 violates TEX.CONST. art. I, § 16. We look not only at the wording of the points of error, but to the argument under each point to determine as best we can the intent of the party. *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex.1982). Thus, by failing to address Fite's first issue, the majority avoids the constitutional issue presented by the parties.

In my view, the majority refuses to address the constitutional issue raised because the majority misapplies the well-known rule that a court will not pass on the constitutionality of a statute if the particular case before it may be decided without doing so. *San Antonio General Drivers, Helpers Local No. 657 v. Thornton*, 156 Tex. 641, 647, 299 S.W.2d 911, 915 (1957). In *Thornton*, nonconstitutional reasons justified denial of writ of mandamus. In my view, application of the rule turns on a distinction overlooked by the majority. The distinction arises from the relief the appellate court affords. Many reasons might justify *reversal*. Thus, in the case of *reversal* of trial court judgments, appellate courts properly avoid the constitutional issue if disposition of nonconstitutional issues provides reasons for *reversal*. The converse, however, is not true. In the case of *affirmance* of trial court judgments, the appeal cannot properly be decided against the appellant unless all issues raised by appellant are disposed of adversely to the appellant. Indeed, *City of San Angelo v. Schautteet*, 706 S.W.2d 103 (Tex.1986) relied upon by the majority to justify avoiding the constitutional issue illustrates my point. In *Schautteet*, the court of appeals *reversed* the judgment of the trial court. The present case is not a case in which this court reverses and, thus, may avoid the

constitutional issue properly before us. Instead, the present case is a case in which this court affirms. Here, the parties have presented us with a constitutional issue. To my mind, that constitutional issue is a "controlling issue" within the meaning of rule 451 and a "substantial issue" within the meaning of rule 452. Consequently, we must decide that "controlling issue" and dispose of that "substantial issue." Therefore, this court must address the constitutional issue raised in order to dispose of Fite's first argument.

Indeed, this Court is compelled to address the constitutional issue as a "substantial issue" and a "controlling issue." We are so compelled because of Fite's first argument that the Texas Family Code amendments allow a previously barred claim to be relitigated. I agree with Fite that section two of Act of June 19, 1983, ch. 744, 1983 Tex.Gen.Laws 4531, allows a previously barred claim to be relitigated. Therefore, under the express terms of section two of Act of June 19, 1983, ch. 744, 1983, Tex.Gen.Laws 4531, res judicata would not be a defense in this second action. Therefore, if section two of Act of June 19, 1983, ch. 744, 1983 Tex.Gen.Laws 4531, is constitutional, the amendment would defeat King's defense of res judicata. Consequently, the only way this Court can overrule Fite's sole contention that the doctrine of res judicata does not bar her action is to hold section two of Act of June 19, 1983, ch. 744, 1983 Tex.Gen.Laws 4531, unconstitutional. To my mind, the parties recognized this circumstance when they briefed and argued the question of whether section two of Act of June 19, 1983, ch. 744, 1983 Tex.Gen.Laws 4531 violates TEX. CONST. art. I, § 16. In my view, this Court should give the parties credit for correctly recognizing the issues presented and dispose of those issues; not ignore one of those issues.

Thus, I turn to consider the disposition to be made of Fite's first issue. TEX.CONST. art. I, § 16 provides "[n]o bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made." Early, our supreme court,

in interpreting this constitutional provision, held that if an attempt were made by law, either by implication or expressly, to revive causes of action already barred, such legislation would be retrospective, within the intent of the prohibition, and would, therefore, be inoperative. *Mellinger v. City of Houston,* 68 Tex. 37, 48, 3 S.W. 249, 255 (1887). The rule is that, while as to all causes of action not actually barred the legislature may extend the period of limitation, yet, if rights have once become vested and perfect, the legislature is without power to remedy or lengthen the limitation period. *Cathey v. Weaver,* 111 Tex. 515, 527, 242 S.W. 447, 453 (1922). It is the settled law that, after a cause has become barred by the statute of limitations, the defendant has a vested right to rely on such statute as a defense. *Wilson v. Work,* 122 Tex. 545, 547, 62 S.W.2d 490 (Tex.1933). When the claims in question become barred, the right to plead the statute of limitations in the suit brought thereon becomes vested. *Southern Pacific Transport Co. v. State,* 380 S.W.2d 123, 127 (Tex.Civ.App.—Houston 1964, writ ref'd).

Section two of Act of June 19, 1983, ch. 744, 1983 Tex.Gen.Laws 4531, expressly revives causes of action already barred. It follows, and I would so hold, that the legislature was without power to lengthen the limitation period of causes of action that were barred before the effective date of section two of Act of June 19, 1983, ch. 744, 1983 Tex.Gen.Laws 4531. Thus, I would hold further that section two of Act of June 19, 1983, ch. 744, 1983 Tex.Gen.Laws 4531 violates TEX.CONST. art. I, § 16, and, therefore, is unconstitutional and inoperative.

That section two of the act is unconstitutional and inoperative should come as no shock to the majority. In *Mills v. Habluetzel,* 456 U.S. 91, 102, 102 S.Ct. 1549, 1556, 71 L.Ed.2d 770 (1982), the Supreme Court of the United States predicted a holding that section two of Act of June 19, 1983, ch. 744, 1983 Tex.Gen.Laws 4531 was unconstitutional. "Any statute that had [ret-

roactive] effect would be considered a retroactive law violative of Article 1, sec. 16 of the Constitution of the State of Texas." *Mills*, 456 U.S. at 95, n. 1, 102 S.Ct. at 1552, n. 1. Furthermore, this court need not tremble in the face of constitutional questions. It has long been the rule in this state that courts may adjudicate a statute to be unconstitutional when its unconstitutionality is obvious and apparent, regardless of when or how the question is raised. *Smith v. Decker*, 158 Tex. 416, 312 S.W.2d 632, 636 (1958).

It follows, therefore, that Section two of Act of June 19, 1983, ch. 744, 1983 Tex. Gen.Laws 4531, does not allow Fite's previously barred claim to be litigated. Thus, I find no merit in Fite's first argument that the doctrine of res judicata does not apply because the Family Code has been amended by addition of section two of Act of June 19, 1983, ch. 744, 1983 Tex.Gen.Laws 4531. Thus, I find no merit in any issue raised under Fite's first, second or third arguments. Therefore, I agree with the majority that we must overrule Fite's sole point of error and affirm the judgment of the trial court.

VANCE, DEVANY and McCLUNG, JJ., join in the concurring opinion.