In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00384-CV

_____

JENNIFER MARIE DETILLIER, Appellant

V.

AMBER RACHEL SMITH, Appellee

On Appeal from the 418th District Court
Montgomery County, Texas
Trial Cause No. 20-10-12649-CV

**MEMORANDUM OPINION**

Jennifer Marie Detillier ("Jennifer") appeals the trial court's denial of her

petition to declare its Agreed Final Decree of Divorce unconstitutional and void.[1] In

two issues, Jennifer asserts the trial court erred in refusing to declare the divorce

decree void, firstly because it violates her constitutional rights, and secondly because

---

[1]This case is part of a series of appeals between the same parties that we will address in separate opinions. In cause number 09-22-00425-CV we address Jennifer's Petition to Adjudicate Parentage as to R.G.S. In cause number 09-23-00308-CV we address Jennifer's Petition for Adoption as to R.G.S.

1

it varies from the parties' Mediated Settlement Agreement. For the reasons below, we affirm.

## Background

*The Divorce*

Amber Smith ("Amber") and Jennifer married in July 2015. In 2016, Amber and Jennifer signed an agreement with Pacific Reproductive Services pursuant to which Amber underwent a reproductive procedure using a Pacific donor's sperm, and in 2017, Amber gave birth to R.G.S.[2] In October 2020, Amber filed for divorce, identifying R.G.S. as a child born of the marriage. On April 26, 2021, the parties appeared before the trial court to finalize their divorce in accordance with a Mediated Settlement Agreement ("MSA"), one of the terms of which was that Jennifer was to be adjudicated as a parent of R.G.S. Ten days prior to the hearing, the trial court had asked the attorneys to provide briefing on the issue whether the court had the ability "to adjudicate a second mom." Three days prior to the hearing, Jennifer filed a First Amended Original Counterpetition for Divorce asserting she should be adjudicated as a parent of R.G.S., citing Texas Family Code sections 160.204(1), (4)(B), and (5), and 160.106, along with *Pavan v. Smith*, 582 U.S. 563 (2017) (finding an Arkansas birth certificate statute unconstitutional because it treated same-sex and opposite-sex

---

[2]To protect the privacy of the child involved in this appeal, we identify the child by her initials. *See* Tex. Fam. Code Ann. § 109.002(d).

couples differently) and *Treto v. Treto*, 622 S.W.3d 397 (Tex. App.—Corpus Christi 2020, no pet.) (construing *Pavan* to provide "the ancillary benefits of a same-sex marriage, including the determination of maternity for the non-gestational spouse of a child born to the marriage"); *see* Tex. Fam. Code Ann. §§ 160.204(1), (4)(B), (5); 160.106. Alternatively, the amended counterpetition asserts Jennifer has standing to file a suit affecting the parent-child relationship under Family Code section 102.003(a)(9) because she has had actual care, control, and possession of the child for the required amount of time, and under Family Code section 102.003(a)(15) because she is named as an intended parent of a child born under a gestational agreement. *See* Tex. Fam. Code Ann. § 102.003(a)(9) and (15).

At the April 26, 2021 hearing, after questioning the attorneys about whether there was legal authority indicating the trial court could adjudicate Jennifer as a parent, the trial court put the case "on hold" and instructed the attorneys to "talk and decide what you are asking me to do today." When the court went back on the record, it noted that it had been presented a proposed Agreed Final Decree of Divorce which had been filed at 10:37 that morning and had been signed by both attorneys and both parties. Jennifer and Amber both testified at the hearing. Jennifer provided testimony regarding her actual care, control, and possession of R.G.S. during her marriage to Amber, and requested that she be named a non-parent conservator if the trial court decided not to adjudicate her as a parent of R.G.S.

3

At the conclusion of the hearing, the trial court announced its rulings, including, "I do find [Jennifer] to have standing pursuant 102.003, Subsection 9. I am confirming [Amber] as the mother of the child. I am not adjudicating [Jennifer] as a parent of the child." The trial court also announced it was approving the remainder of the parties' agreements pursuant to the MSA and that it was signing the proposed divorce decree that had been filed that morning. Jennifer did not object. Consistent with the trial court's pronouncement, the Agreed Final Decree of Divorce includes findings that Amber is R.G.S.'s parent and that Jennifer has standing under Family Code section 102.003(a)(9). The Agreed Final Decree of Divorce also includes the following provisions which are relevant to the issues before us in this appeal:

### Jurisdiction and Domicile

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty days have elapsed since the date the suit was filed.

The Court further finds that, at the time this suit was filed, Petitioner had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly cited.

. . .

4

### *Agreement of Parties*

The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract. The Court approves the agreement of the parties as contained in this Agreed Final Decree of Divorce.

The agreements in this Agreed Final Decree of Divorce were reached in mediation with Robert Rosenquist on April 15, 2021. This Agreed Final Decree of Divorce is stipulated to represent a merger of a mediated settlement agreement dated April 15, 2021 between the parties. To the extent there exist any differences between the mediated settlement agreement and this Agreed Final Decree of Divorce, this Final Decree of Divorce shall control in all instances.

. . .

### *Relief Not Granted*

IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied. This is a final judgment, for which let execution and all writs and processes necessary to enforce this judgment issue. This judgment finally disposes of all claims and all parties and is appealable.

On the last page of the decree, Jennifer's and Amber's signatures appear under the following language: "APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE." Jennifer did not file a motion for new trial, a motion to modify, correct or reform the judgment, nor an appeal.

*The Petition to Declare the Decree Unconstitutional and Void*

In June 2022, Jennifer filed a Petition to Declare the Final Decree of Divorce Unconstitutional and Void, and in July 2022, she filed a First Amended Petition

5

asking for the same relief. In her amended petition, Jennifer contends the Divorce Decree is unconstitutional because she has a "fundamental right to be a parent" and the trial court's failure to name Jennifer as a parent of R.G.S. violates her rights under the Due Process Clause and Equal Protection Clause of the 14th Amendment. The amended petition points to two United States Supreme Court decisions, *Obergefell v. Hodges* and *Pavan v. Smith*, both decided before her divorce in 2021, and argues the trial court "must apply the law on the same terms and conditions to a same-sex couple as it would to an opposite-sex couple."[3] The amended petition also argues the trial court failed to follow Texas Family Code Section 106.636 regarding establishing maternity and asserts that because the trial court failed to follow statutory guidelines, its order exceeds the court's subject matter jurisdiction and is void. Additionally, Jennifer's amended petition argues that because the MSA was statutorily compliant, it was binding on the parties and the court. Lastly, the amended petition complains that the decree orders Jennifer to provide child, medical and dental support for the child, despite the fact Jennifer was not adjudicated to be a parent. Amber filed an answer, asserting that Jennifer's petition constitutes an impermissible collateral attack on the trial court's judgment because when the trial

---

[3]*See Obergefell v. Hodges*, 576 U.S. 644 (2015); *Pavan v. Smith*, 582 U.S. 563 (2017).

6

court entered judgment, it had jurisdiction over the subject matter, including jurisdiction over the determination of parentage.

After a hearing, the trial court denied Jennifer's petition. In response to a request filed by Jennifer, the trial court filed Findings of Facts and Conclusions of Law. Jennifer then filed this appeal.

**Analysis**

In two issues, Jennifer asserts the trial court erred when it refused to declare the divorce decree void. In her first issue, she asserts the decree is void because it violates her rights under the Equal Protection Clause of the United States Constitution by failing to apply the Uniform Parentage Act equally regardless of gender. *See* Tex. Fam. Code Ann. §§ 160.001, *et seq*. In her second issue, she asserts the decree is void because the trial court lacked subject matter jurisdiction to enter a divorce decree which was inconsistent with the parties' MSA. In response, Amber asserts the divorce decree was not entered in violation of the Family Code, Jennifer invited error by agreeing to the form and substance of the divorce decree and is, therefore, estopped from challenging it, and Jennifer's arguments amount to an impermissible collateral attack.

*Finality of the Divorce Decree*

In one of her arguments on appeal, Jennifer questions whether the trial court's failure to adjudicate her as R.G.S.'s parent was an "omission" such that "the question

7

of finality arises." Therefore, as a preliminary matter, we must first determine whether the Agreed Final Decree of Divorce is, in fact, a final judgment. "Important consequences flow from the distinction between final and nonfinal judgments[.]" *In re Lakeside Resort JV, L.L.C.*, 689 S.W.3d 916, 918 (Tex. 2024). "A judicial decree is final when it disposes of all issues and all parties in the record." *In the Int. of R.R.K.*, 590 S.W.3d 535, 540 (Tex. 2019). "Finality must be resolved by a determination of the intention of the court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 203 (Tex. 2001) (internal quotation marks omitted).

We conclude the divorce decree is final for two reasons. First, the decree does not "omit" an adjudication of Jennifer's status, as she suggests. To the contrary, immediately after finding Amber is "*the* parent of [R.G.S.]" (emphasis added), the decree finds that Jennifer has standing to bring a suit affecting the parent-child relationship pursuant to Texas Family Code section 102.003(a)(9). The decree does not leave Jennifer's status unadjudicated. Secondly, the divorce decree contains "unmistakable language of finality." *In the Int. of R.R.K.*, 590 S.W.3d at 544. The decree contains language that "all relief requested in this case and not expressly granted is denied." This language denies the relief requested in Jennifer's First Amended Original Counterpetition for Divorce wherein she asks to be adjudicated

8

as a parent of R.G.S. When included in orders other than those following motions for summary judgment, such language indicates a trial court intended its order to be final. *Lehmann*, 39 S.W.3d at 204. By including the additional statement, "This judgment finally disposes of all claims and all parties and is appealable[,]" the divorce decree in this case "leave[s] no doubt about the court's intention." *Id*. at 206. We conclude the Agreed Final Decree of Divorce is a final judgment.

*Availability of Direct Attacks on the Divorce Decree*

The finality of the trial court's order brings about certain consequences. "A trial court has only a limited period in which to change a ruling in a final order." *In the Int. of A.S.*, No. 09-19-00360-CV, 2021 Tex. App. LEXIS 8490, at *4 (Tex. App.—Beaumont Oct. 21, 2021, no pet.) (mem. op.) (citing Tex. R. Civ. P. 329b). In the absence of an appropriate post-judgment deadline, the trial court's plenary power expires thirty days after a final order is signed. *Id*. In this case, Jennifer did not file a post-judgment motion, and the trial court's plenary power expired thirty days after the divorce decree was signed.

A party to a suit affecting the parent-child relationship may appeal from a final order during the period beginning the date the trial court signs the order and ending thirty days after the date of the order, unless an appropriate post-judgment motion has been filed in which case the deadline for filing an appeal is ninety days after the

9

date of the order. *In the Int. of R.R.K.*, 590 S.W.3d at 539; s*ee also* Tex. Fam. Code Ann. § 109.002(a) (b); Tex. R. App. P. 26.1. Jennifer did not file an appeal.

Texas Rule of Civil Procedure 329b(f) provides, "On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law; provided that the court may at any time correct a clerical error in the record of a judgment and render judgment nunc pro tunc under Rule 316[.]" Tex. R. Civ. P. 329b(f). Jennifer did not file a bill of review. However, in this appeal, she raises a question regarding whether the trial court's failure to adjudicate her as R.G.S.'s parent was a "clerical error" which should be corrected by this court. "When a prior judicial determination is evidenced, but the signed judgment inaccurately reflects the true decision of the court, the error is clerical and may be corrected." *Andrews v. Koch*, 702 S.W.2d 584, 586 (Tex. 1986). Here, the language of the divorce decree matches the trial court's pronouncement at the conclusion of the April 26, 2021 hearing: "I am confirming [Amber] as the mother of the child. I am not adjudicating [Jennifer] as a parent of the child." We conclude the language in question does not constitute a clerical error, and neither the trial court nor this Court may modify it as if it were.

10

*Jennifer's Collateral Attack on the Divorce Decree*

Because Jennifer did not directly attack the divorce decree, either by timely filing an appropriate post-trial motion or bill of review in the trial court or by filing a timely appeal, Jennifer may challenge the divorce decree only by presenting a permissible collateral attack. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271-72 (Tex. 2012) (distinguishing between direct and collateral attacks). "Only a void judgment may be collaterally attacked. A judgment is void, rather than voidable, when it is apparent that the court rendering judgment had no jurisdiction over the parties or property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *In the Int. of D.S.*, 602 S.W.3d 504, 512 (Tex. 2020) (citations and internal quotation marks omitted). "Thus, errors other than lack of jurisdiction over the parties or the subject matter render the judgment voidable and may be corrected only through a direct attack." *Athans v. Athans*, No. 09-20-00047-CV, 2022 Tex. App. LEXIS 2891, at *7 (Tex. App.—Beaumont Apr. 29, 2022, no pet.) (mem. op.) "As with other final, unappealed judgments which are regular on their face, divorce decrees and judgments are not vulnerable to collateral attack." *Hagen v. Hagen,* 282 S.W.3d 899, 902 (Tex. 2009).

Without expressly challenging the trial court's subject matter jurisdiction, Jennifer suggests that the trial court may have found that she lacked standing and that, therefore, the trial court implicitly found it did not have subject matter

11

jurisdiction. This proposition contradicts the divorce decree wherein the trial court expressly found that it did have jurisdiction and that Jennifer did have standing. That said, subject matter jurisdiction is a question of law which we review *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). As a district court with general jurisdiction, the trial court had jurisdiction over the subject matter (including the divorce and the suit affecting the parent-child relationship) and the parties. *See* Tex. Const. art. V, § 8; Tex. Gov't Code Ann. § 24.007; Tex. Fam. Code Ann. §§ 6.305; 6.406. An order refusing to adjudicate one of the parties as a parent may be challenged for error on appeal, but the order is not void provided the trial court has jurisdiction over the subject matter and the parties. We conclude the Agreed Final Decree of Divorce is not void because the trial court had subject matter jurisdiction when the decree was signed.

That said, Jennifer's issues on appeal include two additional arguments that the divorce decree is void.

*Issue 1 – Unconstitutionality*

Citing *Obergefell v. Hodges*, 576 U.S. 644 (2015) and *Pavan v. Smith*, 582 U.S. 563 (2017), Jennifer's first issue argues the divorce decree is void because the trial court applied the Uniform Parentage Act in a way that was contrary to the Equal Protection Clause of the United States Constitution, thereby violating her

fundamental right to be a parent. *See* U.S. CONST. amend. XIV; Tex. Fam. Code Ann. §§ 160.001, *et seq*. We disagree.

In *Fite v. King*, 718 S.W.2d 345 (Tex. App.—Dallas 1986, writ ref'd n.r.e.), Fite brought an action against King to establish paternity. *Id.* at 346. The trial court granted summary judgment in King's favor based on the one-year statute of limitations which existed in 1981 under Texas Family Code section 13.01. *Id.* Fite did not appeal from the summary judgment. *Id.* The following year, the United States Supreme Court invalidated section 13.01 on the grounds it denied illegitimate children equal protection of the law. *Id.*; *see also Mills v. Habluetzel*, 456 U.S. 91 (1982). Fite then filed a second paternity action against King. *Fite*, 718 S.W.2d at 346. The trial court once again granted summary judgment, this time based on res judicata. *Id.* The Dallas Court of Appeals affirmed, reasoning:

> Fite acquiesced in the application of the unconstitutional act and did not appeal. Indeed, Fite could have pursued the matter, as did the natural mother in *Mills*, and secured the same holding as did the natural mother in *Mills*. Instead, Fite stood by and allowed an adverse judgment to become final. The fact that a statute upon which a judgment is based is unconstitutional and the error correctable on appeal, does not make the judgment void ab initio so as to render it assailable as a void judgment in a collateral attack. We conclude, therefore, that the fact that the statute barring the original action was declared unconstitutional, after the judgment in the original action had become final, does not prevent application of the doctrine of res judicata in the present case.

*Id*. at 347 (citing *King v. King*, 291 S.W. 645, 648 (Tex. Civ. App.—San Antonio 1927, writ dism'd) (divorce decree premised on a statute classifying rents and

13

revenues as separate property was not subject to collateral attack as void when the statute was subsequently declared unconstitutional)).

With the exception of *In the Interest of D.A.A.-B.*, 657 S.W.3d 549 (Tex. App.—El Paso 2022, no pet.) (construing *Obergefell* and *Pavan* as requiring gender-neutral interpretation of the Uniform Parentage Act), the case law upon which Jennifer relies in asserting the trial court violated her constitutional rights existed during the time when Jennifer could have filed an appropriate post-trial motion or appeal.[4] Jennifer could have directly attacked the trial court's rulings in the divorce decree by filing a post-trial motion or an appeal in which she could have presented arguments similar to those of the non-gestational spouse in *In the Interest of D.A.A.-B.* "Instead, [Jennifer] stood by and allowed an adverse judgment to become final." *Fite*, 718 S.W.2d at 347. We conclude the divorce decree is neither void nor subject to collateral attack based on the assertion that it violates Jennifer's constitutional rights. We overrule Jennifer's first issue.

*Issue 2 – Deviation from Mediated Settlement Agreement*

In her second issue, Jennifer argues the divorce decree is void because it differs from the terms of the MSA wherein the parties agreed Jennifer would be

---

[4]*Obergefell* was decided in 2015, *Pavan* in 2017, and *Treto* in 2020. *Pidgeon v. Turner*, 625 S.W.3d 583 (Tex. App.—Houston [14th Dist.] 2021, pet. denied) was decided three days after the trial court signed the divorce decree in this case, but twenty-seven days before the deadline to file a post-trial motion or appeal.

adjudicated as R.G.S.'s parent. Jennifer cites *Liberty Mutual Insurance Company v. Auyon*, 709 S.W.2d 698 (Tex. App.—San Antonio 1986, no writ), *Reppert v. Beasley*, 943 S.W.2d 172 (Tex. App.—San Antonio 1997, no writ), and *Chisholm v. Chisholm*, 209 S.W.3d 96 (Tex. 2006) for the proposition, "A judgment that is not in strict compliance with the agreement on which it purports to be based is void." As the Texas Supreme Court has noted, "there is some inconsistency in our state's jurisprudence concerning important distinctions between void and voidable judgments[.]" *PNS Stores, Inc.*, 379 S.W.3d at 271 (adding, "The distinction between void and voidable judgments is critical" in a collateral attack, but "less significant" in a direct attack). None of the cases cited by Jennifer involved a collateral attack, and as we have already stated, a collateral attack is permissible only where a judgment is void because the trial court lacked jurisdiction.

But there is an additional fact which distinguishes this case from those cited by Jennifer: After the parties signed the MSA on April 15, 2021, and after the trial court instructed their attorneys to "talk and decide what you are asking me to do today," they presented the trial court with an Agreed Final Decree of Divorce which was filed that same morning (April 26, 2021), and which was also agreed-to and signed by each of the parties and their attorneys.

The April 15th MSA differs from the April 26th Agreed Final Decree of Divorce in that the former contains a provision indicating Jennifer was to be

15

adjudicated as a parent of R.G.S, whereas the latter includes findings that Amber is R.G.S.'s parent and that Jennifer is a person with standing under the Family Code. Importantly, the divorce decree also contains a "stipulat[ion]" that it "represent[s] a merger" of the MSA, and that if there are any differences between the MSA and the decree, "this Final Decree of Divorce shall control in all instances." "Because an MSA is a contract, we look to general contract-interpretation principles to determine its meaning." *Loya v. Loya*, 526 S.W.3d 448, 451 (Tex. 2017). "An agreed judgment should be construed in the same manner as a contract." *Gulf Ins. Co. v. Burns Motors*, 22 S.W.3d 417, 422 (Tex. 2000).

> With respect to the law of contracts, merger refers to the extinguishment of one contract by its absorption into another contract and is largely a matter of intention of the parties. As a general principle, when two contracts are entered into by the same parties, covering the same subject matter, but containing terms which are so inconsistent that the terms of the two contracts cannot subsist together, the legal effect of the subsequent contract is to rescind the earlier contract. The subsequent contract then becomes a substitute for the earlier contract and is the only agreement between the parties upon that subject.

*S. Plains Lamesa R.R., Ltd. v. Kitten Fam. Living Tr.*, No. 07-06-0209-CV, 2008 Tex. App. LEXIS 603, at *6 (Tex. App.—Amarillo Jan. 28, 2008, pet. denied) (mem. op.) (citations omitted). We conclude that the Agreed Final Decree of Divorce—to which the parties consented both as to form and substance—is neither void nor subject to collateral attack on the basis that it contains provisions inconsistent with the parties' earlier MSA. We overrule Jennifer's second issue.

16

**Conclusion**

Because the divorce decree is not void, Jennifer's collateral attack on the decree is not permissible. Having overruled all of Jennifer's issues on appeal, we affirm the trial court's judgment.

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on August 13, 2024
Opinion Delivered December 5, 2024

Before Golemon, C.J., Johnson and Chambers, JJ.

17